UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
AURELIUS CAPITAL PARTNERS, LP and     :
AURELIUS CAPITAL MASTER, LTD.,        :
:                     07 Civ. 2715 (TPG)
            Plaintiffs,      :
:                          **ORDER**
       – against –                    :
:
THE REPUBLIC OF ARGENTINA,            :
:
            Defendant.       :
:
------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/09
```

Additional Cases
Lightwater Corp. Ltd. v. Republic of Argentina (02 Civ. 3804)
Old Castle Holdings, Ltd. v. Republic of Argentina (02 Civ. 3808)
Allan Applestein TTEE FBO D.C.A. Grantor Trust, et al. v.
     Republic of Argentina (02 Civ. 4124)
Etevob et al. v. Republic of Argentina & Province of Buenos Aires
     (03 Civ. 1680)
EM Ltd. v. Republic of Argentina (03 Civ. 2507)
Franceschi et al. v. Republic of Argentina (03 Civ. 4693)
Mazzini et al. v. Republic of Argentina (03 Civ. 8120)
NML Capital Ltd. v. Republic of Argentina (03 Civ. 8845)
Denchu Investment Corp. v. Republic of Argentina (03 Civ. 9538)
Prima et al. v. Republic of Argentina & Province of Buenos Aires
     (04 Civ. 1077)
Mazoral S.A. v. Republic of Argentina (04 Civ. 3313)
Morata et al. v. Republic of Argentina (04 Civ. 3314)
Moldes et al. v. Republic of Argentina & Province of Buenos Aires
     (04 Civ. 6137)
Cilli et al. v. Republic of Argentina (04 Civ. 6594)
Buczat et al. v. Republic of Argentina (04 Civ 7056)
Rosa et al. v. Republic of Argentina (04 Civ. 7504)
Consolini et al. v. Republic of Argentina (05 Civ. 0177)
Legnaro et al. v. Republic of Argentina & Province of Buenos Aires
     (05 Civ. 0178)
NML Capital Ltd. v. Republic of Argentina (05 Civ. 2434)
Martinez et al. v. Republic of Argentina (05 Civ. 2521)
Ferri et al. v. Republic of Argentina (05 Civ. 2943)
Rigueiro et al. v. Republic of Argentina (05 Civ. 3089)
Sauco et al. v. Republic of Argentina (05 Civ. 3955)

Capital Ventures International v. Republic of Argentina
(05 Civ. 4085)
Bettoni et al. v. Republic of Argentina (05 Civ. 4299)
Fedecostante et al. v. Republic of Argentina (05 Civ. 4466)
Meridian Investments & Business Corp. v. Republic of Argentina
(05 Civ. 5197)
Lisi et al. v. Republic of Argentina (05 Civ. 6002)
Rossini et al. v. Republic of Argentina & Province of Buenos Aires
(05 Civ. 6200)
Klein et al. v. Republic of Argentina (05 Civ. 6599)
Lovati v. Republic of Argentina (05 Civ. 8195)
Botti et al. v. Republic of Argentina & Province of Buenos Aires
(05 Civ. 8687)
GMO Emerging Country Debt LP v. Republic of Argentina
(05 Civ. 10380)
GMO Emerging Country Debt Investment Fund PLC v. Republic of
Argentina (05 Civ. 10382)
GMO Emerging Country Debt Fund v. Republic of Argentina
(05 Civ. 10383)
Pasquali et al. v. Republic of Argentina (05 Civ. 10636)
Capital Ventures International v. Republic of Argentina
(06 Civ. 0207)
Bolland et al. v. Republic of Argentina (06 Civ. 3196)
Amoroso et al. v. Republic of Argentina (06 Civ. 3197)
Bliway International S.A. v. Republic of Argentina (06 Civ. 3198)
Schwald et al. v. Republic of Argentina (06 Civ. 6032)
NML Capital Ltd. v. Republic of Argentina (06 Civ. 6466)
Teachers Insurance and Annuity Association of America v.
Republic of Argentina (06 Civ. 6221)
Ivelo Holding Corp. v. Republic of Argentina (06 Civ. 7100)
Tadayon v. Republic of Argentina (06 Civ. 14299)
Beyer et al. v. Republic of Argentina (07 Civ. 0098)
Palladini et al. v. Republic of Argentina (07 Civ. 0689)
Catto et al. v. Republic of Argentina (07 Civ. 0937)
NML Capital Ltd. v. Republic of Argentina (07 Civ. 1910)
Dolcetti et al. v. Republic of Argentina (07 Civ. 2607)
NML Capital Ltd. v. Republic of Argentina (07 Civ. 2690)
Blue Angel Capital I LLC v. Republic of Argentina (07 Civ. 2693)
Baccanelli v. Republic of Argentina (07 Civ. 2788)
Baccanelli v. Republic of Argentina (07 Civ. 3851)
Andrarex Ltd. v. Republic of Argentina (07 Civ. 5593)
Borgra et al. v. Republic of Argentina (07 Civ. 5807)
NML Capital Ltd. v. Republic of Argentina (07 Civ. 6563)
Milanesi et al. v. Republic of Argentina (07 Civ. 7248)
Heeb et al. v. Republic of Argentina (07 Civ. 10656)
HWB Victoria Strategies Portfolio, et al. v. Republic of Argentina
(07 Civ. 10657)
Aurelius Capital Partners, LP et al. v. Republic of Argentina
(07 Civ. 11327)

  HWB Victoria Strategies Portfolio et al. v. Republic of Argentina
    (07 Civ. 11382)
  Erb et al. v. Republic of Argentina (07 Civ. 11495)
  Zylberberg Fein LLC v. Republic of Argentina (07 Civ. 11496)
  U.V.A. Vaduz et al. v. Republic of Argentina (07 Civ. 11497)
  Amber Reed Corp. et al., v. Republic of Argentina (08 Civ. 0440)
  NML Capital Ltd. v. Republic of Argentina (08 Civ. 2541)
  NML Capital Ltd. v. Republic of Argentina (08 Civ. 3302)
  Etcheto et al. v. Republic of Argentina (08 Civ. 4902)
  Hagemann v. Republic of Argentina (08 Civ. 5436)
  Brandes et al. v. Republic of Argentina (08 Civ. 6625)
  NML Capital Ltd. v. Republic of Argentina (08 Civ. 6978)
  Teachers Insurance and Annuity Association of America v.
    Republic of Argentina (06 Civ. 6621)

  This order is based on the opinion of the court dated December 11, 2008.

  By Order to Show Cause submitted to the court on October 29, 2008, and signed by the court on that date, plaintiffs in three of the captioned cases (07 Civ. 2715, 07 Civ. 11327, and 07 Civ. 2693) moved to authorize the U.S. Marshals Service to serve Writs of Execution in order to enforce the judgments in these cases, covering property belonging to an Argentine entity known as the Administracion Nacional de Seguridad Social ("ANSES"), and also belonging to ten Argentine pension funds (Fondos de Jubilaciones y Pensiones, referred to as the "FJP Funds" or "FJPs"). These plaintiffs also moved to have the court approve the issuance of Restraining Notices dealing with the properties referred to above, the purpose of the proposed Restraining Notices being to prevent the removal of any of the subject property from the United States.

Eight additional Orders to Show Cause, covering 59 cases, were signed on November 5, November 6, November 7, November 12, and November 19, 2008. In connection with 52 of these cases, the plaintiffs moved for the same relief as was requested in the Order to Show Cause of October 29, 2008. Judgments had been entered in these 52 cases.

In the other seven of the 59 cases, judgments had not been entered, and the plaintiffs in these cases moved for orders of attachment, and also moved for restraints preventing the removal of the property from the United States.

The plaintiffs in ten additional cases made an application to the court dated October 31, 2008.

In two of these cases (03 Civ. 2507 and 03 Civ. 8845), judgments had been entered. The plaintiffs in these cases moved to have the court sign a Restraining Order restraining the transfer of the type of property referred to earlier in this Order. The plaintiffs also moved for an order authorizing the Marshals Service to levy upon such property in an amount sufficient to satisfy the judgments, although the proposed order would provide that the Marshals Service would refrain from taking such property into custody pending further order of the court. The court signed this order on October 31, 2008, conditioned on the obligation of the plaintiffs to move within ten days after any levy for confirmation of the order.

In the remaining eight of the ten cases, judgments had not been entered. The plaintiff in these cases, NML Capital, submitted an Order of Attachment, which the court signed on October 31, 2008. These cases are:

        05 Civ. 2434
        06 Civ. 6466
        07 Civ. 1910
        07 Civ. 2690
        07 Civ. 6563
        08 Civ. 2451
        08 Civ. 3302
        08 Civ. 6978

The Order of Attachment directed the Marshals Service to serve the Order of Attachment with respect to the type of property referred to earlier in this Order, but to refrain from taking the property into custody pending further order of the court. NML Capital was directed to move within 10 days after the levy to confirm the Order of Attachment.

On November 7, 2008, the court signed a Modified Restraining Order in cases 03 Civ. 2507 and 03 Civ. 8845, and a Modified Order of Attachment in the other eight cases. The modifications provided that the processes were intended to restrain the transfer of ANSES and FJP property outside of the United States and were not intended to prevent or restrain day-to-day investment management. The Modified Restraining Order omitted the provision about a motion to confirm, which was retained only in the Modified Order of Attachment. Otherwise, the provisions of the orders of October 31, 2008 remained unchanged.

On November 12, 2008, NML Capital moved to confirm the Order of Attachment of October 31, 2008, as modified, and to compel expedited discovery. The motion was returnable on November 14, 2008. By motion dated November 12, 2008, and a letter dated November 14, 2008, the Republic of Argentina moved to vacate all restraining orders and writs of execution. By these submissions, the Republic not only moved to vacate any temporary relief granted to the plaintiffs pending a hearing on their main motions, but expressed the Republic's opposition to the main motions. The Republic also opposed the motion of NML Capital to confirm its attachment.

Counsel for ANSES and the FJPs made various submissions opposing the applications made by the plaintiffs.

The motions were heard by the court on November 14, 2008. This hearing was followed by a telephone conference on November 25, 2008.

The court handed down its opinion on December 11, 2008. In accordance with that opinion, the court makes the following order.

The motions made in the Orders to Show Cause of October 29, November 5, November 6, November 7, November 12, and November 19, 2008, to authorize service of Writs of Execution and to permit the issuance of Restraining Notices, are granted. The Writs of Execution may be served, but no property may be seized except upon further order of the court.

On January 7, 2009, the court signed an additional Order to Show Cause, in which there were applications essentially identical to those contained in the above Orders to Show Cause. The court considers that its December 11, 2008 opinion applies to this additional Order to Show Cause, and the applications therein are granted, in a similar fashion as stated above.

The motion for an attachment and for the issuance of Restraining Notices contained in one of the November 6, 2008 Orders to Show Cause is granted.

The motion of plaintiff NML Capital to confirm the Order of Attachment with regard to its eight cases (05 Civ. 2434, etc.) is granted. The court affirms the continued validity of its October 31, 2008 Order, as modified, permitting restraints and levies in 03 Civ. 2507 and 03 Civ. 8845. Insofar as the Republic moves to vacate the modified October 31, 2008 order in 03 Civ. 2507 and 03 Civ. 8845, that motion is denied.

Insofar as the Republic moves to vacate the temporary relief granted to the plaintiffs pending the hearing of their main motions, the motion of the Republic regarding the temporary relief is denied as moot.

NML's motion for expedited discovery is denied as moot.

SO ORDERED.

Dated: New York, New York
       March 4, 2009

                                          */s/ Thomas P. Griesa*
                                          Thomas P. Griesa
                                          U.S.D.J.