UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP :
and AURELIUS CAPITAL MASTER, LTD., :
:
                           Plaintiffs, : No. 07 Civ. 2715 (TPG)
:
             - against - :
:
THE REPUBLIC OF ARGENTINA, :
:
                           Defendant. :
-------------------------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP :
and AURELIUS CAPITAL MASTER, LTD., :
:
: No. 07 Civ. 11327 (TPG)
                           Plaintiffs, :
:
             - against - :
:
THE REPUBLIC OF ARGENTINA, :
:
                           Defendant. :
-------------------------------------------------------------------x
BLUE ANGEL CAPITAL I LLC, :
:
                           Plaintiff, : No. 07 Civ. 2693 (TPG)
:
             - against - :
:
THE REPUBLIC OF ARGENTINA, :
:
                           Defendant. :
-------------------------------------------------------------------x : (*Captions continued on following pages*)


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY FROM THE REPUBLIC AND BCRA**

1025748.1

```
---------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                              :
ACP MASTER, LTD.,                                              :
                                                               :
                                                               :  No.  09 Civ. 8757 (TPG)
                                        Plaintiffs,            :
                                                               :
                                                               :
                       - against -                             :
                                                               :
                                                               :
THE REPUBLIC OF ARGENTINA,                                     :
                                                               :
                                                               :
                                        Defendant.             :
---------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                              :
ACP MASTER, LTD.,                                              :
                                                               :
                                                               :  No.  09 Civ. 10620 (TPG)
                                        Plaintiffs,            :
                                                               :
                                                               :
                       - against -                             :
                                                               :
                                                               :
THE REPUBLIC OF ARGENTINA,                                     :
                                                               :
                                                               :
                                        Defendant.             :
---------------------------------------------------------------x :
AURELIUS OPPORTUNITIES FUND II, LLC                            :
and AURELIUS CAPITAL MASTER, LTD.,                             :
                                                               :
                                                               :  No.  10 Civ. 1602 (TPG)
                                        Plaintiffs,            :
                                                               :
                                                               :
                       - against -                             :
                                                               :
                                                               :
THE REPUBLIC OF ARGENTINA,                                     :
                                                               :
                                                               :
                                        Defendant.             :
---------------------------------------------------------------x :
```

1025748.1

```
-----------------------------------------------------------------x :
AURELIUS OPPORTUNITIES FUND II, LLC                              :
and AURELIUS CAPITAL MASTER, LTD.,                               :
                                                                 :   No.  10 Civ. 3507 (TPG)
                                Plaintiffs,                      :
                                                                 :
            - against -                                          :
                                                                 :
THE REPUBLIC OF ARGENTINA,                                       :
                                                                 :
                                Defendant.                       ::
-----------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                                :
AURELIUS OPPORTUNITIES FUND II, LLC,                             :
                                                                 :   No.  10 Civ. 3970 (TPG)
                                Plaintiffs,                      :
                                                                 :
            - against -                                          :
                                                                 :
THE REPUBLIC OF ARGENTINA,                                       :
                                                                 :
                                Defendant.                       :
-----------------------------------------------------------------x
BLUE ANGEL CAPITAL I LLC,                                        :
                                                                 :
                                Plaintiff,                       :   No.  10 Civ. 4101 (TPG)
                                                                 :
            - against -                                          :
                                                                 :
THE REPUBLIC OF ARGENTINA,                                       :
                                                                 :
                                Defendant.                       :
-----------------------------------------------------------------x :
```

1025748.1

```
-----------------------------------------------------------------x :
BLUE ANGEL CAPITAL I LLC,                                         :
                                                                  :
                                    Plaintiff,                    :   No.  10 Civ. 4782 (TPG)
                                                                  :
              - against -                                         :
                                                                  :
THE REPUBLIC OF ARGENTINA,                                        :
                                                                  :
                                    Defendant.                    :
                                                                  :
-----------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD., and                                :
AURELIUS OPPORTUNITIES FUND II, LLC,                              :
                                                                  :   No.  10 Civ. 8339
                                    Plaintiffs,                   :
                                                                  :
              - against -                                         :
                                                                  :
THE REPUBLIC OF ARGENTINA,                                        :
                                                                  :
                                    Defendant.                    :
-----------------------------------------------------------------x
```

1025748.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………...ii

BACKGROUND ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 3

I.      THE COURT SHOULD GRANT PLAINTIFFS'
APPLICATION FOR EXPEDITED DISCOVERY. .............................................. 3

      A.      The Requested Discovery Is Relevant and Permitted by the FSIA. ............. 3

      B.      Expedited Discovery Is Reasonable Under the Circumstances. .................. 4

CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aurelius Cap. Partners, LP v. Republic of Arg.*,
  2009 WL 755231 (S.D.N.Y. Mar. 12, 2009) ................................................................................4

*Aurelius Cap. Partners, LP v. Republic of Arg.*,
  2009 WL 910783 (S.D.N.Y. Apr. 3, 2009) ..................................................................................4

*Ayyash v. Bank Al-Madina*,
  233 F.R.D. 325 (S.D.N.Y. 2005) .................................................................................................4

*EM Ltd. v. Republic of Arg.*,
  473 F.3d 463 (2d Cir. 2007) ........................................................................................................3

*EM Ltd. v. Republic of Arg.*,
  720 F. Supp. 2d 273 (S.D.N.Y. 2010), *vacated on other grounds*,
  *NML Capital, Ltd. v. Banco Central de la República Arg.*,
  2011 WL 2611269 (2d Cir. July 5, 2011) ...................................................................................5

*Filus v. LOT Polish Airlines*,
  907 F.2d 1328 (2d Cir. 1990) ......................................................................................................3

*First City, Tex.-Houston, N.A. v. Rafidain Bank*,
  150 F.3d 172 (2d Cir. 1998) ........................................................................................................3

*NML Capital, Ltd. v. Banco Central de la República Arg.*,
  2011 WL 2611269 (2d Cir. July 5, 2011) ...................................................................................4

*U.S. Commodity Futures Trading Comm'n v. Efrosman*,
  2005 WL 3832923 (S.D.N.Y. Sept. 30, 2005) (Wood, J.) ..........................................................5

**RULES AND STATUTES**

C.P.L.R. § 5223 ................................................................................................................................3

Fed. R. Civ. P. 26(b)(1) ...................................................................................................................3

Fed. R. Civ. P. 69(a)(2) ...................................................................................................................3

Plaintiffs Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, and Blue Angel Capital I LLC ("Plaintiffs") respectfully submit this memorandum of law and the accompanying Declaration of Daniel B. Rapport dated August 8, 2011 ("Rapport Decl.") in support of their motion for expedited discovery from the Republic of Argentina (the "Republic") and Banco Central de la República Argentina ("BCRA").

## BACKGROUND

On August 1, 2011, this Court granted Plaintiffs' *ex parte* application for an order of attachment. Rapport Decl. ¶ 3 & Ex. A. The Attachment Order, which Plaintiffs served upon The Federal Reserve Bank of New York (the "FRBNY") on August 2, 2011 at 8:04 a.m., attaches and restrains very specific and limited property of the Republic of Argentina (the "Republic") – approximately $2.2 billion in U.S. dollars that is property of the Republic in accounts of Banco Central de la República Argentina ("BCRA") and Citibank, N.A. or any of its affiliates, parents or subsidiaries ("Citibank"), which funds are for payment to the holders of so-called BODEN 12 bonds. *Id.* ¶ 4.

Following service of the Attachment Order, Plaintiffs' counsel and the FRBNY had numerous communications concerning the scope of the Attachment Order. *Id.* ¶¶ 5-7. The FRBNY advised Plaintiffs' counsel that no Property as defined in the Attachment Order had been identified or restrained in either BCRA's account or Citibank's account as of the end of the day on August 3, 2011. *Id.* ¶ 7. Then, at approximately 9 p.m. on August 3, the Republic's counsel sent Plaintiffs' counsel an email advising that the Republic had reached out to Chambers and that the Court would hear the parties concerning the Attachment Order at 9:30 a.m. the next day. *Id.* ¶ 8.

When the parties appeared in Court on the morning of August 4 and counsel for the Republic addressed the Court, Plaintiffs heard for the first time the contention that the Attachment Order had "shut down" the BCRA account at the FRBNY. Rapport Decl. ¶ 9. Plaintiffs also heard for the first time in court Thursday morning that there were funds then being held in the Citibank account at the FRBNY for payment to the BODEN 12 bondholders – but Citibank's counsel asserted that the Republic did not have a property interest in such funds. *Id*. ¶ 10. Indeed, in papers submitted to the Court Thursday morning, the Republic, BCRA and Citibank all contended that the Republic's payment to the BODEN 12 bondholders occurred via book entries in Argentina and that the transfer of dollars to New York did not constitute the Republic's payment to the bondholders. *Id*.

Plaintiffs offered to meet with the Republic, the BCRA, Citibank and the FRBNY to discuss the factual allegations made in their papers and in court. They have never responded to Plaintiffs' offer, and Plaintiffs have no current information whether funds are being restrained at the FRBNY. *Id*. ¶ 11-12. Because the Republic and BCRA (as well as Citibank and the FRBNY) have been unwilling to meet or provide voluntary disclosure concerning these matters, Plaintiffs are pursuing formal discovery. *Id*. ¶ 17.

Plaintiffs seek an order directing expedited discovery from the Republic and BCRA concerning the Attachment Order and compliance therewith. Plaintiffs' proposed document requests and deposition topics are set forth in Exhibits C, D, and E to the Rapport Declaration. Plaintiffs have also served discovery requests upon Citibank and the FRBNY. *Id*. ¶ 16. Concurrent with this application, Plaintiffs have moved to confirm the Attachment Order.

**ARGUMENT**

**I.
THE COURT SHOULD GRANT PLAINTIFFS'
APPLICATION FOR EXPEDITED DISCOVERY.**

As described above, Plaintiffs request an order directing limited expedited discovery from the Republic and BCRA concerning the Attachment Order and compliance therewith. The Court should grant Plaintiffs' application for the following reasons.

**A.     The Requested Discovery Is Relevant and Permitted by the FSIA.**

The Federal Rules of Civil Procedure provide that parties may obtain discovery "of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). In particular, a judgment creditor "may obtain discovery from any person" in "aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2); *see also* N.Y. C.P.L.R. § 5223 (authorizing disclosure about the extent and location of a judgment debtor's property); *id.* § 6220 (permitting a court to issue an order authorizing discovery in the context of attachments).

While the Foreign Sovereign Immunities Act ("FSIA") has been interpreted as imposing limits on discovery of a sovereign, those limits would not prevent the discovery Plaintiffs seek here. Discovery is permitted to verify allegations of specific facts crucial to the immunity determination. *EM Ltd. v. Republic of Arg.*, 473 F.3d 463, 486 (2d Cir. 2007); *Filus v. LOT Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990). And a plaintiff is allowed discovery to obtain evidence to show that an exception to the FSIA applies. *First City, Tex.-Houston, N.A. v. Rafidain Bank ("First City I")*, 150 F.3d 172, 176 (2d Cir. 1998). Indeed, once a court has determined that subject matter

jurisdiction under the FSIA exists, that jurisdiction permits a plaintiff "discovery pertaining to the judgment debtor's assets." *Aurelius Cap. Partners, LP v. Republic of Arg.*, 2009 WL 910783, at *2 (S.D.N.Y. Apr. 3, 2009) (citing *First City I*, 281 F.3d at 53-54), *rev'd on other grounds*, 584 F.3d 120 (2d Cir. 2009).

The discovery that Plaintiffs seek here fits squarely within the scope permitted by the FSIA. Subject matter jurisdiction plainly exists over the Republic, which has waived its immunity to suit in this Court on the Plaintiffs' bonds. *Aurelius Cap. Partners, LP v. Republic of Arg.*, 2009 WL 755231, at *9 (S.D.N.Y. Mar. 12, 2009) (holding the Republic waived immunity with respect to Plaintiffs' post-judment actions); *NML Capital, Ltd. v. Banco Central de la República Arg.*, 2011 WL 2611269, at *20 n.3 (2d Cir. July 5, 2011) (noting the Republic had "clearly and unambiguously waived" sovereign immunity in the Fiscal Agency Agreement governing plaintiffs' bonds). And the discovery sought goes directly to the factual allegations that the Republic and the BCRA assert in their August 4, 2011 submissions as bases for their arguments that the property subject to the Attachment Order is immune under the FSIA. Rapport Decl. ¶¶ 13-17 & Exs. C-E. Accordingly, Plaintiffs should be permitted the requested discovery from the Republic and BCRA.

B. **Expedited Discovery Is Reasonable Under the Circumstances.**

In considering Plaintiffs' request to expedite this discovery, the Court should "examine the [Plaintiffs'] discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (citation omitted). Thus, in *Ayyash*, Judge Lynch permitted expedited discovery sought on an *ex parte* basis

from New York banks potentially in possession of property of Lebanese banks because "defendants [were] foreign individuals and corporations who ha[d] both incentive and capacity to hide their assets." *Id*. Recognizing that "assets may be dissipated," and there was, therefore, "considerable urgency to plaintiff's need to seek information," Judge Lynch concluded that expedited discovery was warranted. *Id*.; *see also U.S. Commodity Futures Trading Comm'n v. Efrosman*, 2005 WL 3832923, at *1, 4 (S.D.N.Y. Sept. 30, 2005) (Wood, J.) (finding good cause to permit expedited discovery where defendants were likely to transfer assets and destroy business records).

Here, Plaintiffs' request for expedition is reasonable, particularly in light of the surrounding circumstances. There can be no dispute that the Republic has successfully evaded Plaintiffs' judgments and claims for years. *EM Ltd. v. Republic of Arg.*, 720 F. Supp. 2d 273, 278-79 (S.D.N.Y. 2010) (recounting the Republic's willful defiance and evasion of its lawful obligations to its creditors), *vacated on other grounds*, *NML Capital, Ltd. v. Banco Central de la República Arg.*, 2011 WL 2611269 (2d Cir. July 5, 2011). Thus, an order directing expedited discovery is necessary and appropriate in light of the Republic's continued evasion of its obligations to creditors and its flouting of its discovery obligations. Absent an order directing disclosure, the Republic will undoubtedly stonewall any discovery efforts as it has done before, for which this Court held it in contempt and imposed sanctions. *See Aurelius Cap. Partners, LP v. Republic of Arg.*, No. 07 Civ. 2715 (TPG), order at 2 (S.D.N.Y. May 29, 2009) (Dkt. # 200).

Indeed, the Republic and the BCRA have already demonstrated their intent to stonewall here. On August 4, 2011, an hour before an "emergency" hearing they had requested with the Court, the Republic and BCRA served papers on Plaintiffs setting

forth various factual allegations regarding the Property. Rapport Decl. ¶¶ 10, 13, 15. Plaintiffs have attempted to meet with the Republic and BCRA (as well as the FRBNY and Citibank) to discuss these allegations, but to no avail. Rapport Decl. ¶¶ 11-12. In particular, on Friday, August 5, 2011, Plaintiffs proposed a meeting to be held on the following Monday; Plaintiffs received no response to their request. *Id*. Thus, Plaintiffs have attempted, unsuccessfully, to obtain information concerning the Property from the Republic and BCRA without judicial intervention.

In light of all these circumstances, expedited discovery is entirely reasonable.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court should grant Plaintiffs' motion for expedited discovery from the Republic and BCRA.

Dated:   New York, New York
         August 8, 2011

                                                Respectfully submitted,

                                                FRIEDMAN KAPLAN SEILER
                                                  &amp; ADELMAN LLP

                                                */s/ Edward A. Friedman*

                                                Edward A. Friedman
                                                Daniel B. Rapport
                                                Emily A. Stubbs
                                                Jeffrey C. Fourmaux
                                                7 Times Square
                                                New York, NY 10036-6516
                                                (212) 833-1100

                                                *Attorneys for Plaintiffs*