UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
AURELIUS CAPITAL PARTNERS LP and :
AURELIUS CAPITAL MASTER, LTD., : 07 Civ. 2715 (TPG)
:
Plaintiffs, :
:
- against - :
:
THE REPUBLIC OF ARGENTINA, :
:
Defendant. :
:
------------------------------------------------------------------- X  *(captions continue on following pages)*


# SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL


CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina


Of Counsel:

Jonathan I. Blackman
Carmine D. Boccuzzi

```
------------------------------------------------------------------X
                                                                  :
AURELIUS CAPITAL PARTNERS LP and                                  :
AURELIUS CAPITAL MASTER, LTD.,                                    :
                                                                  :
                        Plaintiffs,                               :   07 Civ. 11327 (TPG)
                                                                  :
            - against -                                           :
                                                                  :
THE REPUBLIC OF ARGENTINA,                                        :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
                                                                  :
BLUE ANGEL CAPITAL I LLC,                                         :
                                                                  :
                        Plaintiff,                                :
                                                                  :   07 Civ. 2693 (TPG)
            - against -                                           :
                                                                  :
THE REPUBLIC OF ARGENTINA,                                        :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
                                                                  :
AURELIUS CAPITAL MASTER, LTD. and                                 :
ACP MASTER, LTD.,                                                 :   09 Civ. 8757 (TPG)
                                                                  :
                        Plaintiffs,                               :
                                                                  :
            - against -                                           :
                                                                  :
THE REPUBLIC OF ARGENTINA,                                        :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

```
-------------------------------------------------------------X
                                                             :
AURELIUS CAPITAL MASTER, LTD. and                            :
ACP MASTER, LTD.,                                            :   09 Civ. 10620 (TPG)
                                                             :
                        Plaintiffs,                          :
                                                             :
            - against -                                      :
                                                             :
THE REPUBLIC OF ARGENTINA,                                   :
                                                             :
                        Defendant.                           :
                                                             :
-------------------------------------------------------------X
                                                             :
AURELIUS OPPORTUNITIES FUND II, LLC and                      :
AURELIUS CAPITAL MASTER, LTD.,                               :
                                                             :
                        Plaintiff,                           :   10 Civ. 1602 (TPG)
                                                             :
            - against -                                      :
                                                             :
THE REPUBLIC OF ARGENTINA,                                   :
                                                             :
                        Defendant.                           :
                                                             :
-------------------------------------------------------------X
                                                             :
AURELIUS CAPITAL MASTER, LTD. and                            :
AURELIUS OPPORTUNITIES FUND II, LLC,                         :   10 Civ. 3507 (TPG)
                                                             :
                        Plaintiffs,                          :
                                                             :
            - against -                                      :
                                                             :
THE REPUBLIC OF ARGENTINA,                                   :
                                                             :
                        Defendant.                           :
                                                             :
-------------------------------------------------------------X
```

```
------------------------------------------------------------X
                                                            :
AURELIUS CAPITAL MASTER, LTD. and                           :
AURELIUS OPPORTUNITIES FUND II, LLC,                        :   10 Civ. 3970 (TPG)
                                                            :
              Plaintiffs,                                   :
                                                            :
         - against -                                        :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
              Defendant.                                    :
------------------------------------------------------------X
                                                            :
BLUE ANGEL CAPITAL I LLC,                                   :
                                                            :
              Plaintiff,                                    :
                                                            :   10 Civ. 4101 (TPG)
         - against -                                        :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
              Defendant.                                    :
------------------------------------------------------------X
                                                            :
BLUE ANGEL CAPITAL I LLC,                                   :
                                                            :
              Plaintiff,                                    :
                                                            :   10 Civ. 4782 (TPG)
         - against -                                        :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
              Defendant.                                    :
------------------------------------------------------------X
```

```
------------------------------------------------------------------- x
                                                                    :
AURELIUS CAPITAL MASTER, LTD. and                                   :
AURELIUS OPPORTUNITIES FUND II, LLC,                                :   10 Civ. 8339 (TPG)
                                                                    :
                        Plaintiffs,                                 :
                                                                    :
            - against -                                             :
                                                                    :
THE REPUBLIC OF ARGENTINA,                                          :
                                                                    :
                        Defendant.                                  :
                                                                    :
------------------------------------------------------------------- x
```

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 1 |
| I. | THE NEW REQUESTS ARE NOT TARGETED TO LEAD TO ATTACHABLE ASSETS AND ARE UNDULY BURDENSOME | 1 |
| II. | THE NEW REQUESTS FAIL TO CARVE OUT DIPLOMATIC AND MILITARY PROPERTY | 6 |
| CONCLUSION | | 10 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                                   Page(s)

*767 Third Ave. Assocs. v. Permanent Mission of the Republic of Zaire,*
988 F.2d 295 (2d Cir. 1993) .................................................................................... 7, 9

*Abbot v. Abbot,*
130 S. Ct. 1983 (2010) ............................................................................................. 10

*Aurelius Capital Partners, LP v. Republic of Argentina,*
No. 07 Civ. 2715 (TPG), 2012 WL 983564 (S.D.N.Y. Mar. 22, 2012) ............................ 3

*Aurelius Capital Partners v. Republic of Argentina,*
No. 07 Civ. 2715, 2013 WL 857730 (S.D.N.Y. Mar. 7, 2013) ........................................ 2, 3, 5

*Avelar v. Cotoia Constr. Inc.,*
No. 11-cv-2172 (RRM) (MDG), 2011 WL 5245206 (E.D.N.Y. Nov. 2, 2011) ................ 8, 9

*EM Ltd. v. Republic of Argentina,*
473 F.3d 463 (2d Cir. 2007) ...................................................................................... 4

*EM Ltd. v. Republic of Argentina,*
No. 08 Civ. 7974 (TPG), 2009 WL 3149601 (S.D.N.Y. Sept. 30, 2009) ......................... 3

*First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba,*
462 U.S. 611 (1983) ................................................................................................. 3

*In re Papandreou,*
139 F.3d 247 (D.C. Cir. 1998) .................................................................................. 4

*Liberian E. Timber Corp. v. Republic of Liberia,*
659 F. Supp. 606 (D.D.C. 1987) ............................................................................... 9-10

*NML Capital, Ltd. v. Banco Central De La República Argentina,*
652 F.3d 172 (2d Cir. 2011) ...................................................................................... 4

*NML Capital, Ltd. v. Republic of Argentina,*
No. C 12-80185 JSW (MEJ), 2013 WL 655211 (N.D. Cal. Feb. 21, 2013) ..................... 4-5

*Olympic Chartering S.A. v. Ministry of Indus. & Trade of Jordan,*
134 F. Supp. 2d 528 (S.D.N.Y. 2001) ........................................................................ 5

*Pravin Banker Assocs., Ltd. v. Banco Popular del Peru,*
9 F. Supp. 2d 300 (S.D.N.Y. 1998) ........................................................................... 3

*Sales v. Republic of Uganda,*
No. 90 Civ. 3972 (CSH), 1993 WL 437762 (S.D.N.Y. Oct. 23, 1993): ........................... 9

|  | Page(s) |
|---|---|
| *Samantar v. Yousuf*, 130 S. Ct. 2278 (2010) | 4 |
| *Strick Corp. v. Thai Teak Prods. Co.*, 493 F. Supp. 1210 (E.D. Pa. 1980) | 5 |
| *Trs. of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662 (M.D. Fla. 1993) | 5 |
| *Vulcan Iron Works, Inc. v. Polish Am. Mach. Corp.*, 472 F. Supp. 77 (S.D.N.Y. 1979) | 9 |

**Rules and Statutes**

| | |
|---|---|
| 28 U.S.C. § 1610 | 7 |
| 28 U.S.C. § 1611 | 6, 7 |
| Fed. R. Civ. P. 26(b)(2)(C)(iii) | 6 |

**Other Authorities**

| | |
|---|---|
| G.A. Res. 59/38, at 10, U.N. Doc. A/RES/59/38 (Dec. 16, 2004) | 9 |
| International Law Association, *Report of the Sixty-Sixth Conference held at Buenos Aires*, August 14-20, 1994 | 8-9 |
| *Lydia Scheck v. Republic of Argentina*, Bundesverfassungsgericht [BVerfG] [Federal Constitutional Court] Dec. 6, 2006, No. 2 BvM 9/03 (Ger.) | 8, 9 |
| *NML v. Republic of Argentina*, Cour de Cassation [Cass.] [Supreme Court for Judicial Matters] 1e ch., Sept. 28, 2011 (Fr.) | 8 |
| *NML Capital, Ltd. v. Republic of Argentina*, Cour d'appel [CA] [regional court of appeal] Paris, 4e pôle 8e ch., Oct. 1, 2009, No. 09/14114 (Fr.) | 8 |
| *Republic of Argentina v. NML Capital, Ltd.*, Cour de Cassation [Cass.] [Belgian Court of Cassation] Brussels, Nov. 22, 2012, No. C.11.0688.F (Belg.) | 8 |
| *Seizure of Argentine Warship Was Wrong – Supreme Court* (June 20, 2013), http://edition.myjoyonline.com/pages/news/201306/108185.php | 9 |
| United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3 | 9 |
| United Nations Treaty Collection, http://treaties.un.org/pages/ViewDetails.aspx?src=TREATY&mtdsg_no=III-3&chapter=3&lang=en (last visited June 21, 2013) | 8 |
| Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 9 | 6, 9 |

Defendant the Republic of Argentina respectfully submits this supplemental memorandum of law in further opposition to plaintiffs' motion to compel production in connection with plaintiffs' Requests for Production served on the Republic[1] and the 18 Subpoenas served by plaintiffs on Non-Party Banks.

## PRELIMINARY STATEMENT

The Republic writes to address plaintiffs' "revised" discovery demands, which they describe in their May 27 Reply Brief. Despite the Court's instruction that discovery be tailored to assets that could realistically be seized to satisfy plaintiffs' judgments, plaintiffs still insist on an unrealistically overbroad definition of "Argentina" that includes hundreds of entities that are not the Republic and are not liable for its debts. The scope of their excessively broad demands demonstrates the undue burden they would place on the Republic, and indeed they would sweep up types of assets – including diplomatic and military – that no court anywhere in the world has held can be seized to satisfy private judgments. This overbreadth requires that the pending motion to compel be denied, or at the very least held in abeyance pending the submission by plaintiffs of requests that reflect the tailoring required by the Court in its March decision.

## ARGUMENT

### I.  THE NEW REQUESTS ARE NOT TARGETED TO LEAD TO ATTACHABLE ASSETS AND ARE UNDULY BURDENSOME

As the Republic set forth in its opening and reply briefs, plaintiffs' discovery demands run afoul of Federal Rules of Civil Procedure 26 and 69. *See* Republic Br. at 8-11; Republic Reply at 2-7. Although plaintiffs now claim to have narrowed their requests, the revised demands similarly seek expansive information concerning assets of third parties against which

---

[1] The Republic joins in the Non-Party Banks' cross motions to quash plaintiffs' Subpoenas. Capitalized terms and acronyms have the meaning assigned in the Republic's opening memorandum of law, dated September 19, 2012, which is referred to as "Republic Br." The Republic's reply memorandum of law, dated November 7, 2012 is referred to as "Republic Reply," while plaintiffs' Reply Memorandum Of Law In Support Of Plaintiffs' Motion To Compel Production From Defendant And Non-Party Banks And In Opposition To Certain Non-Party Banks' Cross-Motions To Quash, Modify Or For A Protective Order, dated May 27, 2013 is referred to as their "May 27 Reply Brief" or "Pls. Reply."

plaintiffs hold no judgment, with no showing that such entities may be held liable for the Republic's debts, and regarding the assets of entities that operate exclusively within Argentina. For each of these reasons, plaintiffs' discovery demands cannot be said to be prudential or proportionate, but rather are overbroad and unduly burdensome in violation of the Federal Rules and this Court's directive that discovery should be targeted to "seek only information regarding assets that could be realistically" subject to attachment or execution. *Aurelius Capital Partners v. Republic of Argentina*, No. 07 Civ. 2715, 2013 WL 857730, at *3 (S.D.N.Y. Mar. 7, 2013).

*First*, plaintiffs claim to have "substantially" reduced the overall scope of their document requests, *see* Pls. Reply at 15, but even a cursory comparison of the old and new requests confirms that although plaintiffs have reduced the *number* of their requests, they remain excessively broad. As an initial matter, a number of the new requests simply combine multiple prior requests, *compare, e.g., id.*, Request No. 3 *with* Plaintiffs' Requests for Production to Defendant Nos. 18, 19, 21, and 29 (seeking, *inter alia*, information concerning the Republic's investments, including (1) securities, (2) investments in companies and (3) interests in trusts, commodities, minerals, and precious metals or gemstones). Other requests replace specific examples of documents sought with broad terminology that covers the same or similar subject matter, *compare, e.g.*, Pls. Reply at 15, Request No. 7 *with* Plaintiffs' Requests for Production to Defendant Nos. 15, 16, 20, and 22. Such revisions are not a good faith limitation on the scope of the requests, regardless of plaintiffs' assertions to the contrary. *See* Pls. Reply at 6-7. Further, plaintiffs have retained numerous sweeping requests, such as their requests for documents concerning "*any* accounts . . . regardless of the purpose of the account," with four subcategories of information sought, *id.* at 15, Request Nos. 1, 2 (emphasis added); "*any* investment," *id.*, Request No. 3; and "*all* loans, commercial or standby letters of credit, debt or extension of credit," *id.* at 16, Request No. 6 (emphasis added). Plaintiffs have thus failed to appropriately

2

limit their discovery demands in a prudential and proportionate manner, despite the Court's recognition in its March decision that plaintiffs' requests "may be too broad in the categories of documents sought." *Aurelius*, 2013 WL 857730 at *1.

*Second*, plaintiffs' assertion that "there is no dispute that each request targets a type of asset or commercial activity that the Republic is engaged in or reasonably could be assumed to be engaged in" is patently false. *See* Pls. Reply at 4. The Republic has in each of its prior briefs explained that plaintiffs improperly included in the definition of the Republic numerous entities separate from the Republic and thus not, as a matter of law, liable for its debts. *See* Republic Br. at 8-11; Republic Reply at 4-5. Indeed, plaintiffs have implicitly acknowledged this fact by purportedly removing from their list all entities owned by the Republic. Pls. Reply at 19.

But among the remaining *393* entities that plaintiffs claim "are" the Republic, *see* Pls. Reply at 19, are dozens of separate entities, including about *80* autarkic or decentralized entities that, like the corporate entities now excluded, are juridically separate agencies or instrumentalities and thus entitled to a strong presumption of separateness. *See First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 624-27 (1983); *Pravin Banker Assocs., Ltd. v. Banco Popular del Peru*, 9 F. Supp. 2d 300, 305 (S.D.N.Y. 1998) ("[T]he presumption against breaching the corporate independence of government instrumentalities . . . should not be easily defeated."). The Court has already held one such entity, INTA, separate from the Republic and twice vacated attachments of its property, including in a case with these very plaintiffs. *See EM Ltd. v. Republic of Argentina*, No. 08 Civ. 7974 (TPG), 2009 WL 3149601, at *6 (S.D.N.Y. Sept. 30, 2009), *vacated in part on other grounds*, 2010 WL 3910604 (S.D.N.Y. Sept. 30, 2010); *Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07 Civ. 2715 (TPG), 2012 WL 983564, at *6 (S.D.N.Y. Mar. 22, 2012). Plaintiffs' misleading assertion that the Republic has tried to unilaterally dictate what entities should be determined to be the

3

Republic is thus meritless, *see* Pls. Reply at 6, 10, given that Supreme Court precedent establishes the overbreadth of plaintiffs' demands.[2]

Plaintiffs further continue to demand production of private financial information about individuals – namely the Republic's current and deceased former President, Cristina Fernández de Kirchner and Néstor Carlos Kirchner, respectively, *see* Pls. Reply at 19 n.2 – who are indisputably not the same as the Republic and, moreover, entitled to common law sovereign immunity and comity, which mandates that they be afforded the same respect given to U.S. Government officials. *Samantar v. Yousuf*, 130 S. Ct. 2278, 2285-93 (2010); *see also In re Papandreou*, 139 F.3d 247, 254 (D.C. Cir. 1998), *superseded by statute on other grounds*. That these officials have been part of prior Court-ordered discovery (albeit discovery that has not yielded relevant information) does not, and cannot, excuse the fact that plaintiffs have offered no theory for how discovery of their assets could lead to the satisfaction of plaintiffs' judgments against the Republic.

*Third*, plaintiffs set up the straw man that they need not "prove alter ego status" in order to compel discovery of third parties, Pls. Reply at 19, but plaintiffs in fact make *no* showing of any kind that the dozens of juridically separate entities they identify should be considered liable for the Republic's debts. As Chief Magistrate Judge Maria-Elena James of the District Court for the Central District of California correctly recognized when denying the attempt of fellow plaintiff NML to compel similar asset discovery concerning YPF, a judgment creditor must, at the very least, make a threshold showing by placing "facts before the Court to show the basis for the allegation" before it is entitled to discovery on an alter ego theory. *NML Capital, Ltd. v.*

---

[2] In a similar vein, plaintiffs' *ipse dixit* that their inclusion of BCRA is "eminently reasonable" ignores that Section 1611(b)(1) of the FSIA provides special protections for foreign central bank property, and the Second Circuit has now twice rejected improper attachment efforts of BCRA's reserves at the Federal Reserve Bank of New York. *See NML Capital, Ltd. v. Banco Central De La República Argentina*, 652 F.3d 172, 188 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 23 (2012) ("[F]oreign central banks are given 'special protections' befitting the particular sovereign interest in preventing the attachment and execution of central bank property"); *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 485 (2d Cir. 2007) ("Section 1611(b)(1) provides a central bank with special protections from a judgment creditor").

4

*Republic of Argentina*, No. C 12-80185 JSW (MEJ), 2013 WL 655211, at *1 (N.D. Cal. Feb. 21, 2013), *objection filed* Mar. 7, 2013; *accord Olympic Chartering S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 530 (S.D.N.Y. 2001) (rejecting jurisdictional discovery as to the Central Bank of Jordan ("CBJ") because the petitioner "made no allegation that CBJ is an alter ego of the judgment debtor"); *Strick Corp. v. Thai Teak Prods. Co.*, 493 F. Supp. 1210, 1218 (E.D. Pa. 1980) (rejecting alter ego discovery where "*No facts [were] before the court to show the bases for [the alter ego] allegation.*" (emphasis added)); *Trs. of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993) ("When the ground for the discovery is an alleged alter ego relationship with the judgment debtor, there must be facts before the Court to show the basis for the allegation.").

*Fourth*, plaintiffs' contention that the new requests are properly limited geographically "because they are not targeted to assets in Argentina" is belied by the Revised List of Argentine Entities, which includes, according to plaintiffs, dozens of additional sub-secretaries. *See, e.g.*, Pls. Reply at 4, 19. Such sub-secretaries presumptively do not operate outside of Argentina, and thus any discovery as to them *would*, contrary to plaintiffs' assertion, seek information concerning assets in Argentina. As the Court recognized, such discovery is improper and violates the FSIA. *Aurelius*, 2013 WL 857730 at *2 (Discovery "should not be targeted to assets located in Argentina, as the FSIA would clearly not allow plaintiffs to seize these assets.").

Plaintiffs fail to justify their inclusion of these entities, instead wrongly contending that the sole question is whether the Republic and Non-Party Banks will suffer an undue burden. *See, e.g.*, Pls. Reply at 18. Yet, as the Federal Rules and the Court's prior rulings make clear, discovery must, first and foremost, be relevant, targeted to the judgment debtor and tailored to lead to attachable assets, standards plaintiffs' requests fail to meet. And in any event, the burden of responding to plaintiffs' expansive demands concerning hundreds of entities is manifest and

unwarranted, particularly in light of plaintiffs' utter failure to demonstrate the relevance of their requests. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) ("Court must limit discovery . . . where the burden or expense outweighs its likely benefit").

Plaintiffs' revised requests, which encompass overbroad categories of information about hundreds of entities with no limiting principle, are neither prudential nor proportionate, nor are they reasonably tailored to lead to the satisfaction of plaintiffs' judgments. Plaintiffs' motion to compel with respect to their "revised" demands should be denied.

## II. THE NEW REQUESTS FAIL TO CARVE OUT DIPLOMATIC AND MILITARY PROPERTY

Plaintiffs' revised discovery requests are also improper because plaintiffs continue to include in the definition of "Argentina" dozens of diplomatic and military entities whose assets are explicitly immune from attachment and execution under both U.S. and international law. Plaintiffs' broad requests therefore run afoul of this Court's repeated admonition that discovery be tailored to assets that can realistically be executed upon with regard to these entities too. Moreover, plaintiffs' discovery demands concerning diplomatic and military entities violate international law, in particular the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 9 (the "VCDR"), and the FSIA.[3]

Plaintiffs concede, as they must, that under U.S. law, diplomatic and military property is immune from attachment. Pls. Reply at 20 (recognizing military and diplomatic immunity); *see also* 28 U.S.C. § 1611(b)(2); VCDR Art. 25; Brief of the United States as *Amicus Curiae* in Support of Reversal at 3, 13-14, *Thai-Lao Lignite (Thailand) Co. Ltd. v. Gov't of the Lao People's Democratic Republic*, No. 13-495-cv(L) (2d Cir. May 20, 2013) ("Thai-Lao Amicus") (Ex. A) (VCDR bars *both* attachment *and* discovery of the assets of diplomatic missions and

---

[3] The Republic does not restate here its arguments concerning why plaintiffs' discovery requests violate the FSIA, but expressly preserves those arguments as set forth in the Republic's prior briefing, *see* Republic Br. at 17-18; Republic Reply at 10.

6

embassies). Nonetheless, plaintiffs argue that they are entitled to expansive discovery of *all* of the dozens of diplomatic and military entities they have named, solely because property held by such entities *may* in certain limited circumstances be attachable. *See* Pls. Reply at 19-20 (noting that military and diplomatic entities may "engage in commercial" activity).

However, this argument ignores that plaintiffs bear the burden of serving proper discovery requests, including by complying with Rule 26's and Rule 69's requirements that the information sought be relevant to the satisfaction of their judgments, and this Court's instruction that requests be tailored to obtain information that will lead to attachable assets of the Republic. Merely noting a theoretical possibility that the property of a diplomatic or military entity is not immune, because that entity might for some unexplained reason be *using* its property for a non-military or non-diplomatic purpose, is plainly insufficient to meet this burden.[4] Plaintiffs' failure to identify a shred of evidence even suggesting that any of the military or diplomatic entities for which they demand information is using its property for a non-military or non-diplomatic purpose, respectively, shows that they have not met their burden in crafting prudential, reasonably tailored discovery requests.[5]

Further, plaintiffs contend that their discovery demands are proper based on the *suggestion* that diplomatic or military property that is immune from attachment in the United States "may not" enjoy the same immunity under the laws of another jurisdiction. Pls. Reply at

---

[4] Notably, plaintiffs' vague statement that "military and diplomatic departments and agencies may engage in commercial transactions and own commercial assets that would otherwise be subject to attachment and execution," Pls. Reply at 19-20, misstates the law. In the United States, military property must both be *used for* a commercial activity and not *used,* or *intended to be used,* in connection with military activity, *see* 28 U.S.C. §§ 1610-1611, and customary international law provides even broader protections, *see infra* at 9. Further, the VCDR immunizes diplomatic property from attachment and discovery, regardless of whether that property is also used for a commercial activity. *Thai-Lao Amicus* at 14-17 (collecting cases); *see also 767 Third Ave. Assocs. v. Permanent Mission of the Republic of Zaire,* 988 F.2d 295, 300 (2d Cir. 1993) (noting the FSIA's exceptions to immunity from attachment are inapplicable to diplomatic property). Thus, whether the military or diplomatic entity has generally engaged in "commercial transactions" or owns "commercial assets" establishes nothing.

[5] The cases that plaintiffs cite on page 19 of their March 27 Reply, which deal with *attachment of identified property,* are accordingly inapposite and not instructive as to plaintiffs' burden under the discovery rules. *See* Pls. Reply at 19.

7

21. However, this assertion ignores that, with regard to diplomatic property, 188 nations are party to the VCDR. *See* United Nations Treaty Collection, http://treaties.un.org/pages/ViewDetails.aspx?src=TREATY&mtdsg_no=III-3&chapter=3&lang=en (last visited June 21, 2013). Thus, the requests are a clear end-run around the VCDR as applied to the Republic's diplomatic missions and embassies located in any of the 188 member nations, particularly where discovery could not lead to the attachment of diplomatic assets. Attempts by creditors of the Republic to attach diplomatic property in a foreign jurisdiction have been rejected, including for violating the VCDR and customary international law. *See, e.g., Republic of Argentina v. NML Capital, Ltd.*, Cour de Cassation [Cass.] [Belgian Court of Cassation] Brussels, Nov. 22, 2012, No. C.11.0688.F (Belg.) (Ex. B); *NML Capital, Ltd. v. Republic of Argentina*, Cour d'appel [CA] [regional court of appeal] Paris, 4e pôle 8e ch., Oct. 1, 2009, No. 09/14114 (Fr.) (Ex. D), *aff'd* on grounds of customary international law, *NML Capital, Ltd. v. Republic of Argentina*, Cour de Cassation [Cass.] [Supreme Court for Judicial Matters] 1e ch., Sept. 28, 2011(Fr.) (Ex. C); *Lydia Scheck v. Republic of Argentina,* Bundesverfassungsgericht [BVerfG] [Federal Constitutional Court] Dec. 6, 2006, No. 2 BvM 9/03 (Ger.) (Ex. E).[6]

Similarly, recognized principles of international law protect from creditor process the military property of sovereign nations, reflecting the widely-held view that special immunity be afforded such property. *See, e.g.*, International Law Association, *Report of the Sixty-Sixth Conference held at Buenos Aires* at 493, August 14-20, 1994 (attachment or execution shall not be permitted if the property of a sovereign is of a military character or used or intended for use

---

[6] The VCDR applies with equal force to plaintiffs' Subpoenas to the Non-Party Banks, as plaintiffs' expansive discovery demands are an obvious attempt to circumvent the VCDR's explicit protections noted above, which must be afforded to embassies and missions, as well as their personnel, records, and correspondence. And in any event, the case law is clear that the VCDR immunizes diplomatic property, *see Avelar v. Cotoia Constr. Inc.*, No. 11-cv-2172 (RRM) (MDG), 2011 WL 5245206, at *4 (E.D.N.Y. Nov. 2, 2011), and thus the Subpoenas are plainly not directed to attachable assets.

for military purposes); *Scheck*, Bundesverfassungsgericht, No. 2 BvM 9/03, at *20 (recognizing special status of "government vessels and aircraft or material of the armed forces" under public international law) (Ex. E); *see also Seizure of Argentine Warship Was Wrong – Supreme Court* (June 20, 2013), http://edition.myjoyonline.com/pages/news/201306/108185.php (reporting unanimous decision by Supreme Court of Ghana holding attempt by NML to attach Argentine naval ship illegal). The United Nations Convention on Jurisdictional Immunities of States and Their Property, reflecting customary international law, expressly provides immunity for sovereign "property of a military character or used or intended for use in the performance of military functions." G.A. Res. 59/38, at 10, U.N. Doc. A/RES/59/38 (Dec. 16, 2004); *see also* United Nations Convention on the Law of the Sea Art. 29, 32, Dec. 10, 1982, 1833 U.N.T.S. 3 (providing immunity for ships belonging to a nation's armed forces).

Finally, and critically, plaintiffs ignore that the VCDR not only provides that diplomatic property is immune from attachment – and thus discovery of such entities cannot lead to attachable assets – but also prohibits discovery itself by placing various obligations on all state parties to the treaty, including according "full facilities for the performance of functions of the mission," VCDR Art. 25, providing immunity from civil and administrative jurisdiction to diplomatic agents and to administrative or technical staff, *id.* at Art. 31, 37, and providing that archives, documents, and correspondence of diplomatic missions or embassies are "inviolable." *Id.* at Art. 24, 27. As a result of these and other provisions, numerous federal courts have recognized that diplomatic missions and embassies located in the United States are immune from process, *see, e.g., 767 Third Ave.*, 988 F.2d at 300; *Avelar*, 2011 WL 5245206 at *4; *Sales v. Republic of Uganda*, No. 90 Civ. 3972 (CSH), 1993 WL 437762, at *1 (S.D.N.Y. Oct. 23, 1993); *Vulcan Iron Works, Inc. v. Polish Am. Mach. Corp.*, 472 F. Supp. 77, 79-80 (S.D.N.Y. 1979); *cf. Liberian E. Timber Corp. v. Republic of Liberia*, 659 F. Supp. 606, 610 n.5 (D.D.C. 1987)

(obtaining discovery regarding diplomatic accounts would be "a difficult task at best"), and the United States Government, whose "interpretation of a treaty 'is entitled to great weight,'" *Abbot v. Abbot*, 130 S. Ct. 1983, 1993 (2010), has agreed. *See* Thai-Lao Amicus (Ex. A) (VCDR bars attachment *and* discovery of the assets of diplomatic missions and embassies).

In light of these special protections afforded military and diplomatic property, plaintiffs' discovery requests with respect to these entities are improper, and their motion to compel should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion to compel.

Dated:  New York, New York
        June 21, 2013

>                   Respectfully submitted,
>
>                   CLEARY GOTTLIEB STEEN & HAMILTON LLP
>
>                   By:  ____/s/ Carmine D. Boccuzzi_____
>                        Jonathan I. Blackman (jblackman@cgsh.com)
>                        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)
>
>                   One Liberty Plaza
>                   New York, NY 10006
>                   (212) 225-2000
>
>                   Attorneys for the Republic of Argentina