UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

AURELIUS CAPITAL PARTNERS, LP       :
and AURELIUS CAPITAL MASTER, LTD.,   :     07 Civ. 2715 (TPG)
                                :
               Plaintiffs,         :
        - against -            :
                                :
THE REPUBLIC OF ARGENTINA,        :
                                :
             Defendant.      :

----------------------------------------------------------------------X
                                :

AURELIUS CAPITAL PARTNERS, LP       :     07 Civ. 11327 (TPG)
and AURELIUS CAPITAL MASTER, LTD.,   :
                                :
               Plaintiffs,         :
                                :
        - against -            :
                                :
THE REPUBLIC OF ARGENTINA,        :
                                :
             Defendant.      :
                                :

----------------------------------------------------------------------X

(*captions continue on inside cover*)


**THE NON-PARTY DEUTSCHE BANK ENTITIES' MEMORANDUM
OF LAW IN FURTHER SUPPORT OF THEIR CROSS-MOTION
TO QUASH THE SUBPOENAS SERVED ON
THE NON-PARTY DEUTSCHE BANK ENTITIES**


Moses & Singer LLP
Philippe A. Zimmerman
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for the Non-Party
Deutsche Bank Entities*

```
-----------------------------------------------------------------------X
BLUE ANGEL CAPITAL I LLC,                           :
                                                    :      07 Civ. 2693 (TPG)
                        Plaintiff,                  :
                                                    :
              - against -                           :
                                                    :
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
-----------------------------------------------------------------------X
AURELIUS CAPITAL MASTER, LTD. and ACP              :
MASTER, LTD.,                                       :      09 Civ. 8757 (TPG)
                                                    :
                        Plaintiffs,                 :
                                                    :
          -    against -                            :
                                                    :
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
-----------------------------------------------------------------------X
                                                    :
AURELIUS CAPITAL MASTER, LTD. and ACP              :      09 Civ. 10620 (TPG)
MASTER, LTD.,                                       :
                                                    :
                        Plaintiffs,                 :
                                                    :
              - against -                           :
                                                    :
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
-----------------------------------------------------------------------X
                                                    :
AURELIUS OPPORTUNITIES FUND II, LLC and            :      10 Civ. 1602 (TPG)
AURELIUS CAPITAL MASTER, LTD.,                      :
                                                    :
                        Plaintiffs,                 :
                                                    :
              - against -                           :
                                                    :
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
-----------------------------------------------------------------------X
```

```
------------------------------------------------------------------------X
AURELIUS OPPORTUNITIES FUND II, LLC and           :
AURELIUS CAPITAL MASTER, LTD.,                    :        10 Civ. 3507 (TPG)
                                                  :
                    Plaintiffs,                   :
                                                  :
          - against -                             :
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                    Defendant.                    :
------------------------------------------------------------------------X
                                                  :
AURELIUS OPPORTUNITIES FUND II, LLC and           :        10 Civ. 3970 (TPG)
AURELIUS CAPITAL MASTER, LTD.,                    :
                                                  :
                    Plaintiffs,                   :
                                                  :
          - against -                             :
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                    Defendant.                    :
------------------------------------------------------------------------X
                                                  :
AURELIUS CAPITAL MASTER, LTD. and AURELIUS  :        10 Civ. 4101 (TPG)
OPPORTUNITIES FUND II, LLC,                       :
                                                  :
                    Plaintiffs,                   :
                                                  :
          - against -                             :
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                    Defendant.                    :
------------------------------------------------------------------------X
BLUE ANGEL CAPITAL I LLC,                         :
                                                  :        10 Civ. 4782 (TPG)
                    Plaintiff,                    :
                                                  :
          - against -                             :
                                                  :
REPUBLIC OF ARGENTINA,                            :
                    Defendant.                    :
------------------------------------------------------------------------X
```

```
------------------------------------------------------------------------X
                                                    :
AURELIUS CAPITAL MASTER, LTD. and AURELIUS          :        10 Civ. 8339 (TPG)
OPPORTUNITIES FUND II, LLC,                         :
                                                    :
                             Plaintiffs,            :
                                                    :
              - against -                           :
                                                    :
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                             Defendant.             :
------------------------------------------------------------------------X
```

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii-iii

I.      PRELIMINARY STATEMENT ........................................................... 1

II.     ARGUMENT .......................................................................................... 3

       POINT I

       THE PLAINTIFFS HAVE FAILED TO SHOW THAT THE
       SUBPOENAS ARE NOT OVERLY BROAD AND UNDULY
       BURDENSOME ...................................................................................... 3

       POINT II

       THE PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT
       ANY OF THE HUNDREDS OF ENTITIES PURPORTED TO BE
       THE REPUBLIC'S ALTER EGO ARE IN FACT A PROPER
       SUBJECT OF THE SUBPOENAS ........................................................ 6

       POINT III

       THE NON-PARTY DEUTSCHE BANK ENTITIES CANNOT
       BE REQUIRED TO PRODUCE DOCUMENTS THAT ARE
       NOT IN THEIR POSSESSION, CUSTODY OR CONTROL ................. 8

III.    CONCLUSION ..................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

CASES

*Allied Mar., Inc. v. Descatrade SA,*
  620 F.3d 70 (2d Cir. 2010)..................................................................................10

*Ayyash v. Koleilat,*
  38 Misc. 3d 916, 926, 957 N.Y.S. 2d 574 (Sup. Ct. New York County 2012) ......................9

*Eitzen Bulk A/S v. Bank of India,*
  827 F. Supp. 2d 234 (S.D.N.Y. 2011)......................................................................9

*First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba (Banewc),*
  462 U.S. 611 (1983)..................................................................................7, 8

*Global Tech., Inc. v. Royal Bank of Can.,*
  34 Misc. 3d 1209(A), 2012 N.Y. Slip Op. 50023(U) (Sup. Ct. New York
  County 2012) ..........................................................................................10

*Gucci Am., Inc. v. Weixing Li,*
  No. 10 Civ. 4974 (RJS), 2011 WL 6156936 (S.D.N.Y. 2011) ..............................................10

*Koehler v. Bank of Berm., Ltd.,*
  12 N.Y. 3d 533, 88 N.Y.S. 2d 763 (N.Y. 2009) ......................................................10

*LNC Invs. Inc v. Republic of Nicaragua,*
  115 F. Supp. 2d 358, *aff'd* 228 F.3d 423 (2d Cir. 2000)..........................................8

*Magnaleasing, Inc. v. Staten Island Mall,*
  76 F.R.D. 559 (S.D.N.Y. 1977) ......................................................................6

*NML Capital, Ltd. vs Republic of Argentina,*
  No. C 12-80185 JSW (MEJ), 2013 WL 65521 (N.D. Cal. Feb 21, 2013)..........................6, 7

*Parbulk II AS v. Heritage Maritime SA,*
  35 Misc. 3d 235, 935 N.Y.S. 2d 829 (Sup. Ct. New York County 2011) ................................10

*Pravin Banker Assoc. v. Banco Popular del Peru,*
  9 F. Supp. 2d 300 (S.D.N.Y. 1998)......................................................................7

*Samsun Logix Corp. v. Bank of China,*
  31 Misc. 3d 1226(A), 929 N.Y.S. 2d 202 (Sup. Ct. New York County 2011)......................10

*Trs. of N. Fla. Operating Engr's Health & Welfare Fund v. Lane Crane Serv., Inc.,*
  148 F.R.D. 662 (M.D. Fla. 1993)......................................................................6

**STATUTES**

Fed. R. Civ. P. 69 ....................................................................................................................6, 8

## PRELIMINARY STATEMENT

Unable to justify the exceptionally broad and burdensome subpoenas (the "Subpoenas") served on non-parties Deutsche Bank AG New York Branch, Deutsche Bank Americas Holding Corp., Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas, and Taunus Corporation (collectively, the "Non-Party Deutsche Bank Entities"), Plaintiffs rely upon unsubstantiated statements of fact and misstatements of law to oppose the Non-Party Deutsche Bank Entities' cross-motion to quash the Subpoenas (the "Cross-Motion").

While claiming that the Subpoenas are not overly broad or unduly burdensome, Plaintiffs confirm the legitimacy of the Non-Party Deutsche Bank Entities' objections by purporting to change the Subpoenas in their Reply Memorandum of Law in Support of Plaintiffs' Motion to Compel Production From Defendant and Non-Party Banks and In Opposition to Certain Non-Party Banks' Cross-Motions to Quash, Modify or For a Protective Order ("Opp. Br."). Notably, Plaintiffs never modified or offered to modify the Subpoenas prior to the parties' motion practice. Plaintiffs' purported modification of the requests in the Subpoenas after filing a motion to compel and forcing the Non-Party Deutsche Bank Entities motion to quash raises a material question as to whether Plaintiffs met and conferred in good faith.

Moreover, even a cursory review of both the original requests and the proposed revised requests shows that the Plaintiffs have made no real attempt to specifically tailor the information sought to reveal facts about assets belonging to the Republic of Argentina (the "Republic"). The Plaintiffs seek a staggering amount of information, including all documents concerning any assets located anywhere in the world that the Republic – or any of the 460 non-parties the Plaintiffs allege to be the alter egos of the Republic – has touched in the past four years. To hear

the Plaintiffs tell it, production of such information should be as simple as pressing a key on a computer.  However, the reality is that compliance with the requests (to the extent that it is even possible) would require the Non-Party Deutsche Bank Entities to hire and train a team of analysts to search through millions of line items and thousands of transactions – a process that would take several months at great expense – while likely revealing little relevant information.

Further, the Plaintiffs have not limited their excessive requests to information related to the Republic, but have extended them to 460 entities that the Plaintiffs contend are synonymous with the Republic without making any showing.  Remarkably, several of the entities that Plaintiffs claim are the Republic's alter egos have previously been judicially determined to not be the Republic's alter egos.  Absent evidence to substantiate Plaintiffs' conclusory contentions, the Non-Party Deutsche Bank Entities cannot be properly required to produce documents concerning these non-parties or, as Plaintiffs have suggested, be compelled to show that an entity is not an alter ego of the Republic.

Finally, the Subpoenas also should be quashed because they demand the production of documents that are not in the possession, custody or control of the Non-Party Deutsche Bank Entities, including documents in the Non-Party Deutsche Bank Entities' corporate affiliates.[1]

---

[1] In addition to the arguments discussed herein, the Non-Party Deutsche Bank Entities submit that the Subpoenas should be quashed based on the arguments presented in their opening brief and in the briefs of the other non-party banks that have sought to quash subpoenas issued by Plaintiffs, including the applicability of the Hague convention and Plaintiffs' failure to comply with the "good faith" requirements of Article 52 of the New York CPLR.  Further, in the event that the Subpoenas are not fully quashed (as opposed to modified or affirmed in their entirety), the Non-Party Deutsche Bank Entities reserve the right to raise objections based on all applicable privileges and foreign laws, including, without limitation, the attorney-client privilege, and foreign bank secrecy and privacy laws.

## ARGUMENT

### POINT I

### THE PLAINTIFFS HAVE FAILED TO SHOW THAT THE SUBPOENAS ARE NOT OVERLY BROAD AND UNDULY BURDENSOME

The Plaintiffs claim that the Subpoenas are not overly broad because the requests (1) target a range of assets in which the Republic might have an interest, (2) seek information about assets held "anywhere in the world" *except* Argentina, and (3) are directed at entities that are part of the Republic or that are owned in whole or in part by the Republic.  Opp. Br., pp. 4-5. Plaintiffs' arguments do not withstand scrutiny.  When the requests are considered, it is clear that they are not specifically limited to reveal facts about the judgment debtor's assets, and that they are impermissibly overbroad.

The range of assets the Plaintiffs have "targeted" includes any accounts, contracts, financial instruments, loans, debts, precious minerals, commodities, financial transactions of any type, investments, bond issuances, notes, warrants or any type of securities, real estate, patents or other intellectual property, natural resources, and "any other property."  As such, the requests cannot in any sense be understood to be "targeted."  The geographical limitation of the requests is nearly as meaningless – as Plaintiffs request information concerning assets "anywhere in the world except Argentina."

The list of entities at which the requests are directed – a total of 461 entities – suffers from the same over breadth, for, as discussed in greater detail in Point II below, the Plaintiffs have failed to establish that the entities listed are the judgment debtor about whom they are entitled to seek information from the Non-Party Deutsche Bank Entities.

Significantly, the Plaintiffs do not refute the Non-Party Deutsche Bank Entities' contention that compliance with the Subpoenas would be unduly burdensome. Rather, the Plaintiffs appear to argue that, prior to the instant motion, the Non-Party Deutsche Bank Entities did not qualify their claims of undue burden to the Plaintiffs' satisfaction. Opp. Br., pp. 6-8. This argument misses the point and wholly ignores the Certification of Douglas Sloan, sworn to November 7, 2012 (hereafter "Sloan Cert."), submitted along with the Non-Party Deutsche Bank Entities' moving papers, in which Mr. Sloan, Director of Deutsche Bank Securities Inc. and a member of the Central AML Compliance Department, explains that "the Subpoenas are among the most burdensome requests for information that I have encountered in over 6 years with Deutsche Bank …." Sloan Cert., ¶ 5. Mr. Sloan explains that compliance with the Subpoenas would take months and would necessitate the hiring and training of analysts for the sole purpose of searching for the requested information and reviewing potentially hundreds of thousands of separate transactions. Sloan Cert., ¶¶ 6-7.

Expressly acknowledging that the Subpoenas are overbroad and unduly burdensome, the Plaintiffs submit revised requests that they self-servingly contend remedy any over breadth. However, the revised requests remain overly broad and unduly burdensome. Although the number of requests directed at the Non-Party Deutsche Bank Entities has been reduced, they remain overbroad in that they are not specifically tailored to reveal facts about the Republic's assets, and they seek a vast amount of irrelevant information. Specifically, the revised requests seek information concerning "any property" maintained at any of the Non-Party Deutsche Bank Entities "anywhere in the world" in which the Republic has or had an interest; extensive documentation relating to such property; all documents concerning any transfer in which any of

the Non-Party Deutsche Bank Entities had any involvement "of any monies or financial instruments to, from, or through accounts owned or controlled" by the Republic; documents identifying any "financial arrangements" in which the Non-Party Deutsche Bank Entities and the Republic were involved; and documents identifying any communications between the Non-Party Deutsche Bank Entities and the Republic with respect to any financing or payments to the Republic in any form.  Opp. Br., pp. 13-15.

Similarly, Plaintiffs narrow their list of entities defined as the Republic from 461 entities to 393 entities – and while they have culled certain corporations from the list, they have done so "without prejudice to their renewing requests for information about these entities at a later date." Opp. Br., pp. 18-19.  Rather than either (i) eliminating from the list those entities that are not the alter egos of the Republic or (ii) showing that the entities contained on the list are the alter egos of the Republic (and thus proper subjects of the Subpoenas), the Plaintiffs seek to temporarily placate the Non-Party Deutsche Bank Entities and the Court by removing a nominal number of entities from the list, with the express proviso that they will add them back later.

The revised list of requests poses substantially the same undue burden upon the Non-Party Deutsche Bank Entities as the original Subpoenas.  Indeed, the Non-Party Deutsche Bank Entities would still be tasked with sorting through tens or hundreds of thousands of documents, a fraction of which would actually be responsive to the Plaintiff's requests.  Accordingly, the Cross Motion should be granted.

**POINT II**

**THE PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT ANY OF THE HUNDREDS OF ENTITIES PURPORTED TO BE THE REPUBLIC'S ALTER EGO ARE IN FACT A PROPER SUBJECT OF THE SUBPOENAS**

Plaintiffs ask the Court to directly contravene the prescriptions of Fed. R. Civ. P. 69 and permit discovery of the assets of hundreds of non-parties without any factual showing that these non-parties are the alter egos of the Republic.  Plaintiffs complain that compliance with Rule 69 "would be unnecessary and unduly burdensome," Opp. Br., p. 19, and argue that full discovery into the assets of these non-parties should be permitted based solely on their own conclusory assertions that each of the non-parties is part of the Republic.  However, Plaintiffs do not cite any authority in support of this argument and do not offer any persuasive reasoning (other than its own desire to avoid the "undue burden" of compliance) as to why the Court should disregard black letter law and order post-judgment discovery of several hundred non-parties.

As explained in *Magnaleasing, Inc. v. Staten Island Mall*,  76 F.R.D. 559, 561 (S.D.N.Y. 1977), the scope of discovery that may be obtained from or about third parties by judgment creditors is limited to that necessary to "discover[ ] any concealed or fraudulently transferred assets" of the judgment debtor.  Such discovery is not an invitation to conduct an open-ended fishing expedition that catches the confidential information of non-parties.  As has been recognized by numerous courts, "When the ground for the discovery is an alleged alter ego relationship with the judgment debtor, there must be facts before the Court to show the basis for the allegation."  *Trs. of N. Fla. Operating Engr's Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993), citing *Strick Corp v. Thai Teak Prods. Co. Ltd.*, 493 F. Supp. 1210, 1218 (E.D. Pa. 1980); *see also NML Capital, Ltd. vs Republic of Argentina*, No.

C 12-80185 JSW (MEJ), 2013 WL 65521 (N.D. Cal. Feb 21, 2013).  In fact, a recent discovery

order in the United States District Court for the Northern District of California explicitly rejected

the attempt of another judgment creditor of the Republic, NML Capital, to conduct discovery

related to non-parties without presenting evidence supporting the conclusion that the non-parties

were, in fact, the Republic's alter egos.  *NML Capital, Ltd.*, No. C 12-80185 JSW (MEJ), 2013

WL 65521 at *3.[2]  Here, as in *NML*, Plaintiffs have failed to present any facts demonstrating an

alleged alter ego relationship between the Republic and any of the entities it claims are alter

egos.  Indeed, Plaintiffs even claim that entities that were judicially determined not to be the

Republic's alter egos are proper subjects for discovery.  *See* The Non-Party Deutsche Bank

Entities' Memorandum of Law In Opposition to Plaintiffs' Motion to Compel Production From

Defendant and Non-Party Banks and In Support of Their Cross-Motion to Quash the Subpoenas

Served on the Non-Party Deutsche Bank Entities ("Moving Brief"), pp. 14-15.

      Moreover, while Plaintiffs contend (again, without providing any supporting authority)

that the government agencies on the list of non-parties qualify as the Republic for purposes of

post-judgment discovery because they represent the Republic's organization of itself, they ignore

the judicially endorsed presumption of independence.  Duly-created instrumentalities of a foreign

state are to be accorded a presumption of independent status.  *First Nat'l City Bank v. Banco*

*Para el Comercio Exterior de Cuba (Banewc)*, 462 U.S. 611, 627 (1983).  As explained by this

Court in *Pravin Banker Assoc. v. Banco Popular del Peru*, 9 F. Supp. 2d 300, 305 (S.D.N.Y.

1998), the "presumption against breaching the corporate independence of government

instrumentalities should not be easily defeated."   As the Second Circuit has affirmed, majority

---

[2] The *NML* judgment creditor's objection to the discovery order is currently pending.

stock ownership, appointment of directors, and control of a board's membership are all insufficient to overcome the presumption of separateness recognized by the *Banco Para* court. *LNC Invs. Inc v. Republic of Nicaragua*, 115 F. Supp. 2d 358, 365-66, *aff'd* 228 F.3d 423 (2d Cir. 2000). In the case at bar, Plaintiffs have not made any showing regarding any of the entities – governmental or otherwise.

In a feigned "good faith" concession, Plaintiffs submit a revised list of entities in which several corporations are excluded. However, Plaintiffs tacitly admit that this exclusion is superficial by reserving the right to add all of the excluded corporations back to the list at a later date. Opp. Br., p. 19. Plaintiffs should not be permitted to avoid their burden under the law by deciding for themselves which entities qualify as the Republic or by pretending disinterest in entities that they fully intend to pursue in a future round of post-judgment discovery. Accordingly, Plaintiffs have failed to meet their burden under Rule 69 and the Subpoenas should be quashed.

## POINT III

### THE NON-PARTY DEUTSCHE BANK ENTITIES CANNOT BE REQUIRED TO PRODUCE DOCUMENTS THAT ARE NOT IN THEIR POSSESSION, CUSTODY OR CONTROL

Unable to meet their burden of establishing that the Non-Party Deutsche Bank Entities have the practical ability to obtain the requested documents, the Plaintiffs instead make the argument that the Non-Party Deutsche Bank Entities must have possession, custody, and control over such documents because they have not affirmatively denied their ability to obtain the requested documents in the ordinary course of business. Plaintiffs' argument is simply wrong. Each of the Non-Party Deutsche Bank Entities have unambiguously objected to Plaintiffs'

attempt to define each of the Non-Party Deutsche Bank Entities to include "any of its branches, representative offices, parents, subsidiaries, affiliates, nominees, divisions or departments, or anyone purporting to act on its behalf individually or collectively … including … officers, directors, employees, agents, attorneys, accountants, advisors, or other representatives, or any predecessor or successor of the foregoing, anywhere in the world" (*see* Exhibits F-J to the Certification of Philippe Zimmerman, dated November 8, 2012, submitted with the Moving Brief) and expressly deny that the documents in the possession, custody or control of their "branches representative offices, parents, subsidiaries, affiliates, nominees, divisions or departments, or anyone purporting to act on its behalf individually or collectively" are in their possession, custody or control.

Further, contrary to Plaintiffs' contention, the separate entity rule is applicable to post-judgment subpoenas *duces tecum*.  As the court in *Ayyash v. Koleilat* recently explained, where, as here, subpoenas *duces tecum* are issued with the ultimate goal of subsequently seeking writs of attachment and turnover of foreign assets, the separate entity rule is necessarily implicated in post-judgment discovery.  38 Misc. 3d 916, 926, 957 N.Y.S. 2d 574, *7 (Sup. Ct. New York County 2012)("[The] information subpoenas, however, are but a first step in the proceeding, with the ultimate goal of subsequent attachment and turnover.  For the court to start down this path, knowing that the ultimate goal is unavailable in this jurisdiction, would be an unproductive waste of judicial resources").

Plaintiffs argue that this Court should disregard the well-reasoned decision in *Ayyash* and instead look to *Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234 (S.D.N.Y. 2011) for guidance.  However, the reasoning of *Eitzen* is unpersuasive with respect to the issue of whether

the separate entity rule applies to post-judgment discovery because the district court based its finding on the New York Court of Appeals' decision in *Koehler v. Bank of Berm., Ltd.*, 12 N.Y. 3d 533, 88 N.Y.S. 2d 763 (N.Y. 2009), a case that did not involve the application of the separate entity rule.  New York courts have consistently rejected the argument that *Koehler* abrogated the separate entity rule in post-judgment enforcement proceedings.  *See, e.g.*, *Global Tech., Inc. v. Royal Bank of Can.*, 34 Misc. 3d 1209(A), 2012 N.Y. Slip Op. 50023(U) (Sup. Ct. New York County 2012) (rejecting argument that *Koehler* limited the separate entity rule and finding that the separate entity rule extended beyond writs of attachment); *Samsun Logix Corp. v. Bank of China*, 31 Misc. 3d 1226(A), 929 N.Y.S. 2d 202 (Sup. Ct. New York County 2011) (rejecting argument that *Koehler* limited the separate entity rule); *Parbulk II AS v. Heritage Maritime SA*, 35 Misc. 3d 235, 935 N.Y.S. 2d 829 (Sup. Ct. New York County 2011) (same).

The other cases Plaintiffs cite in support of their argument that the separate entity rule applies only to attachment proceedings are equally inapposite.  In *Allied Mar., Inc. v. Descatrade SA*, 620 F.3d 70 (2d Cir. 2010), the court never considered whether the separate entity rule applied "only" to attachment proceedings, and post-judgment discovery was not at issue.  In *Gucci Am., Inc. v. Weixing Li*, No. 10 Civ. 4974 (RJS), 2011 WL 6156936 (S.D.N.Y. 2011), the separate entity rule was considered only in the context of restraining assets in the course of an ongoing litigation – the court was silent as to whether it applied to post-judgment discovery.  Finally, in *Global Tech., Inc. v. Royal Bank of Can.*, 34 Misc. 3d 1209(A), 2012 N.Y. Slip Op. 50023(U) (Sup. Ct. New York County 2012), the court found that the separate entity rule does indeed extend beyond attachment proceedings and applied it in the context of restraining notices.

Because the separate entity rule applies to (and is violated by) the Subpoenas, the Non-Party Deutsche Bank Entities can not be properly required to produce documents in possession of branches or other Deutsche Bank-related entities, and the Cross Motion should be granted.

## <u>CONCLUSION</u>

Based on the foregoing, the Non-Party Deutsche Bank Entities respectfully request that this Court grant their Motion to Quash.

Dated: June 21, 2013
      New York, New York

                              MOSES & SINGER LLP

                              By:
                                     /s/
                                  Philippe A. Zimmerman
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, NY 10174
                              (212) 554-7800
                              pzimmerman@mosessinger.com

                              *Attorneys for the Non-Party Deutsche Bank Entities*