2013 WL 655211
Only the Westlaw citation is currently available.
United States District Court,
N.D. California.

NML CAPITAL, LTD., Plaintiff,
v.
The REPUBLIC OF ARGENTINA, Defendant.

No. C 12–80185 JSW (MEJ).  |  Feb. 21, 2013.

**Attorneys and Law Firms**

Dennis H. Hranitzky, Dechert LLP, New York, NY, Joshua David Hess, Dechert LLP, San Francisco, CA, for Plaintiff.

Carmine D. Boccuzzi, Jr., Jonathan I. Blackman, Michael M. Brennan, Sara A. Sanchez, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, Neil A. Friedman Popovic, Sheppard Mullin Richter & Hampton LLP, Martin Daniel White, San Francisco, CA, for Defendant.

**Opinion**

### DISCOVERY ORDER

MARIA–ELENA JAMES, United States Chief Magistrate Judge.

### INTRODUCTION

*1 Plaintiff, NML Capital ("NML") moves to compel discovery from Chevron Corporation ("Chevron") pursuant to a subpoena issued July 11, 2012. Jt. Ltr. at 1, Dkt. No. 27–1. Specifically, NML seeks to compel Chevron to produce documents relating to the Republic of Argentina's ministries, political subdivisions, agencies, instrumentalities and alleged representatives and assigns, including, but not limited to Yacimientos Petroliferos Fiscales S.A. ("YPF"). *Id.* NML seeks to broadly expand the subpoena to encompass all of these entities without alleging any facts with respect to any entity other than YPF. Chevron Ltr. at 3, Dkt. No. 28.

The Republic of Argentina ("Republic") opposes the motion, arguing that NML is entitled to discovery only of the judgment debtor's assets, and that NML has not made a sufficient showing that entities and individuals separate from the Republic, such as YPF, are alter egos of the Republic. *Id.* at 3. Chevron opposes the motion to compel on substantially the same grounds as the Republic, but additionally asserts that NML's motion to compel is improper because the Court must first determine whether to expand the scope of the subpoena to include YPF. *Id.* at 3–4.

### BACKGROUND

On August 7, 2012, the Republic moved to quash the third-party subpoena to Chevron, arguing the subpoena violated its sovereign immunity and was prohibited under the Foreign Sovereign Immunities Act ("FSIA"). Dkt. No. 1. In addition to its arguments regarding the application of FSIA to post judgment discovery from non-sovereign third parties, the Republic also argued that the subpoena was overly broad in that it defined "Argentina" to include separate persons and corporate entities such as Energia Argentina S.A. ("ENARSA") and YPF. Discovery Order at 3, Dkt. No. 9. The Court denied the Republic's motion by Order dated October 17, 2012, holding that the FSIA does not apply to subpoenas issued to non-sovereign third parties like Chevron. *Id.* Thus, NML could properly seek disclosure from Chevron related to the Republic's assets without implicating the FSIA. *Id.* The Court additionally limited the subpoena to the Republic and not any separate entities, based on NML's failure to present the requisite threshold evidence of an alter ego relationship between ENARSA and Argentina. *Id.* As NML did not oppose this argument, the Discovery Order allowed NML the opportunity to meet and confer with the Republic as to the scope of the subpoena. *Id.*

### DISCUSSION

Federal Rule of Civil Procedure ("Rule") 69(a)(2) provides, in relevant part, that, "in aid of the judgment or execution, [Plaintiff] may obtain discovery from any person ... as provided in these rules." However, the scope of discovery that may be obtained from third parties by a judgment creditor is limited to that necessary for "the purpose of discovering any concealed or fraudulently transferred assets" of the judgment debtor. *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 561 (S.D.N.Y.1977). "When the ground for the discovery is an alleged alter ego relationship with the judgment debtor, there must be facts before the Court to show the basis for the allegation." *Trs. of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.,* 148 F.R.D.

662, 664 (M.D.Fla.1993), citing *Strick Corp. v. Thai Teak Prods. Co., Ltd.,* 493 F.Supp. 1210, 1218 (E.D.Pa.1980)).

**\*2** The party seeking such discovery must make "a threshold showing of the necessity and relevance" of the information sought. *Lane Crane,* 148 F.R.D. at 664. This threshold showing is necessary because "[t]he interest of third parties in their privacy must be balanced against the need of the judgment creditor to the documents in question." *Blaw Knox Corp. v. AMR Indus., Inc.,* 130 F.R.D. 400, 403 (E.D.Wis.1990). This is considered "a factual determination which can only be made on a case by case basis." *Id.* Further, "disclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)," and such discovery should only be permitted when "the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them." *Magnaleasing, Inc.,* 76 F.R.D. at 562.

Here, NML's allegations regarding YPF's relationship to the Republic are insufficient as a matter of law to overcome the presumption that YPF is a separate juridicial entity for purposes of asset discovery on an alter-ego theory. Duly-created instrumentalities of a foreign state are to be accorded a presumption of independent status. *First Nat'l. City Bank v. Banco Para el Comercio Exterior de Cuba (Bancec),* 462 U.S. 611, 627, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983). The presumption against breaching the corporate independence of government instrumentalities should not be easily defeated. *Pravin Banker Associates, Ltd. v. Banco Popular del Peru,* 9 F.Supp.2d 300, 305 (S.D.N.Y., 1998). The facts advanced by NML consist of general allegations that YPF has been recently privatized by the Argentine government and is now controlled by the Republic, as a majority shareholder, for the purpose of developing natural gas resources for the Argentine people, pursuant to Argentine government policy. Jt. Ltr. at 2, Dkt. No. 27–1. However, these allegations are insufficient to overcome the presumption that YPF is a separate juridicial entity for purposes of asset discovery on an alter-ego theory. Majority stock ownership, appointment of directors, and control of a board's membership are all insufficient to overcome the presumption of separateness articulated in *Bancec. LNC Invs., Inc. v. Republic of Nicaragua,* 115 F.Supp.2d 358, 365–66 (S.D.N.Y.), *aff'd,* 228 F.3d 423 (2d Cir.2000).]

There is thus no factual basis to conclude that YPF is so extensively controlled by the Republic that a relationship of principal and agent is created, or that giving effect to separate legal entities "would work fraud or injustice" or would "defeat legislative policies." *Bancec,* 462 U.S. at 629 (internal citations omitted). NML's proposed evidence, at most, suggests that the Republic nationalized YPF, and has exercised its powers as YPF's majority shareholder. Jt. Ltr., p. 2–3, Dkt. No. 27–1. Accordingly, the request to broaden the scope of the subpoena to include YPF is DENIED. The motion to compel the alter ego discovery concerning YPF from Chevron is also DENIED.

## CONCLUSION

**\*3** Based on the analysis above, NML's Motion to Compel is DENIED.

**IT IS SO ORDERED.**

End of Document                    © 2013 Thomson Reuters. No claim to original U.S. Government Works.