UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,

                Plaintiffs,

      - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.
---------------------------------------------------------------------x

No. 07 Civ. 2715 (TPG)

AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,

                Plaintiffs,

      - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.
---------------------------------------------------------------------x

No. 07 Civ. 11327 (TPG)

BLUE ANGEL CAPITAL I LLC,

                Plaintiff,

      - against -

THE REPUBLIC OF ARGENTINA,

              Defendant.
---------------------------------------------------------------------x

No. 07 Civ. 2693 (TPG)

(*Captions continue on following pages*)

# SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM DEFENDANT AND NON-PARTY BANKS

2842311.1

```
------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and               :
ACP MASTER, LTD.,                               :
                                                :  No. 09 Civ. 8757 (TPG)
                              Plaintiffs,       :
                                                :
         - against -                            :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                              Defendant.        :
                                                :
------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and               :
ACP MASTER, LTD.,                               :
                                                :  No. 09 Civ. 10620 (TPG)
                              Plaintiffs,       :
                                                :
         - against -                            :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                              Defendant.        :
                                                :
------------------------------------------------------------------x :
AURELIUS OPPORTUNITIES FUND II, LLC             :
and AURELIUS CAPITAL MASTER, LTD.,              :
                                                :  No. 10 Civ. 1602 (TPG)
                              Plaintiffs,       :
                                                :
         - against -                            :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                              Defendant.        :
------------------------------------------------------------------x :
```

```
-------------------------------------------------------------------x :
AURELIUS OPPORTUNITIES FUND II, LLC              :
and AURELIUS CAPITAL MASTER, LTD.,               :
                                                 :  No.  10 Civ. 3507 (TPG)
                           Plaintiffs,           :
                                                 :
           - against -                           :
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                           Defendant.            :
                                                 :
-------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                :
AURELIUS OPPORTUNITIES FUND II, LLC,             :
                                                 :  No.  10 Civ. 3970 (TPG)
                           Plaintiffs,           :
                                                 :
           - against -                           :
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                           Defendant.            :
                                                 :
-------------------------------------------------------------------x :
BLUE ANGEL CAPITAL I LLC,                        :
                                                 :
                           Plaintiff,            :  No.  10 Civ. 4101 (TPG)
                                                 :
           - against -                           :
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                           Defendant.            :
-------------------------------------------------------------------x :
```

2842311.1

```
-------------------------------------------------------------------x :
BLUE ANGEL CAPITAL I LLC,                                          :
                                                                   :
                                        Plaintiff,                 :   No.  10 Civ. 4782 (TPG)
                                                                   :
                - against -                                        :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                                        Defendant.                 :
                                                                   :
-------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                                  :
AURELIUS OPPORTUNITIES FUND II, LLC,                               :
                                                                   :   No.  10 Civ. 8339 (TPG)
                                        Plaintiffs,                :
                                                                   :
                - against -                                        :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                                        Defendant.                 :
-------------------------------------------------------------------x :
```

2842311.1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.  THE REVISED REQUESTS TO THE REPUBLIC
    ARE APPROPRIATELY TAILORED .................................................................... 2

II. PROPERTY HELD BY DIPLOMATIC AND MILITARY MINISTRIES
    IS NOT CATEGORICALLY IMMUNE FROM ATTACHMENT ........................ 6

CONCLUSION ....................................................................................................................... 9

2842311.1

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                             **Page(s)**

*767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to United Nations*, 988 F.2d 295 (2d Cir. 1993) .................................................................................8

*Aurelius Capital Partners, LP v. Republic of Argentina*,
   No. 07 Civ. 2715(TPG), 2009 WL 755231 (S.D.N.Y. Mar. 12, 2009) .........................5

*Aurelius Capital Partners, LP v. Republic of Argentina*,
   No. 07 Civ. 2715(TPG), 2012 WL 983564 (S.D.N.Y. Mar. 22, 2012) .........................5

*Aurelius Capital Partners v. Republic of Argentina*,
   No. 07 Civ. 2715, 2013 WL 857730 (S.D.N.Y. Mar. 7, 2013) ......................................2

*Avelar v. J. Cotoia Const., Inc.*,
   No. 11 Civ. 2172 (RRM)(MDG), 2011 WL 5245206 (E.D.N.Y. Nov. 2, 2011) ..........8

*Behring Int'l, Inc. v. Imperial Iranian Air Force,*
   475 F. Supp. 396 (D.N.J. 1973) ....................................................................................7

*Birch Shipping Corp. v. Embassy of United Republic of Tanzania*,
   507 F. Supp. 311 (D.D.C. 1980) ...................................................................................7

*EM Ltd. v. Republic of Argentina*,
   No. 03 Civ. 2507(TPG), 2009 WL 2568433 (S.D.N.Y. Aug. 18, 2009) .......................5

*EM Ltd. v. Republic of Argentina*,
   720 F. Supp. 2d 273 (S.D.N.Y. 2010) ...........................................................................5

*EM Ltd. v. Republic of Argentina*,
   695 F.3d 201 (2d Cir. 2012) ................................................................................4, 6, 9

*Liberian E. Timber Corp. v. Gov't of Republic of Liberia*,
   659 F. Supp. 606 (D.D.C. 1987) ...................................................................................8

*NML Capital, Ltd. v. Republic of Argentina*,
   No. 03 Civ. 8845(TPG) (S.D.N.Y. Sept. 2, 2011) .....................................................4, 9

*NML Capital Ltd. v. Republic of Argentina*,
   680 F.3d 254 (2d Cir. 2012) ..........................................................................................5

*NML Capital Ltd. v. Republic of Argentina*,
   No. 03 Civ. 8845(TPG), 2013 WL 491522 (S.D.N.Y. Feb. 8, 2013) ............................6

**Page(s)**

*Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, No. 10 Civ. 5256(KMW), 2011 WL 4111504 (S.D.N.Y. Sept. 13, 2011) ...................................................................................................................7

*Vulcan Iron Works, Inc. v. Polish Am. Mach. Corp.*,
472 F. Supp. 77 (S.D.N.Y. 1979)..................................................................................8

**RULES AND STATUTES**

28 U.S.C. § 1611(b)(2) .........................................................................................................7

**OTHER AUTHORITIES**

Oficina Nacional de Contrataciones (National Contracting Office), http://www.argentinacompra.gov.ar (last visited May 25, 2013) ..................................3

Plaintiffs Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, and Blue Angel Capital I LLC (collectively "Plaintiffs") respectfully submit this Supplemental Memorandum of Law in further support of their motion to compel production of documents responsive to discovery requests served on defendant The Republic of Argentina ("Argentina" or the "Republic") and subpoenas served on certain non-party banks (the "Banks").

## PRELIMINARY STATEMENT

This Court directed Plaintiffs to "tailor" their requests, and that is what they did. In response, the Republic does not dispute that it has assets covered by Plaintiffs' revised requests – because those requests target the most basic categories of assets (such as bank accounts, investment property and real estate) that one would expect the Republic to have. Nor does the Republic dispute that it is already required by its own laws and regulations to collect information responsive to Plaintiffs' request.

Rather, the Republic rehashes the same argument that it has been hiding behind since Plaintiffs and other creditors first began seeking discovery about the Republic's assets – *i.e.*, creditors get no discovery unless they can prove in advance that they would be able to attach or execute upon the assets about which they seek discovery. According to the Republic, Plaintiffs should be denied discovery of the assets held by certain ministries and the multitude of entities Argentina has set up to carry out its governmental functions because assets held by these ministries and entities may eventually turn out to be immune from attachment.

As this Court and the Second Circuit have previously concluded, the question of what is properly the subject of discovery is not dependent upon the Court's power to attach or execute, but on the Court's power to conduct supplementary

proceedings involving parties indisputably within its jurisdiction, including the Republic. To hold otherwise would enable Argentina to further flout the judgments of this Court by holding assets and conducting its affairs through those ministries and entities the Republic would shield from discovery. The Court should not countenance the Republic's evasion efforts and should overrule the Republic's objections (once again) and compel it (and the Banks) to produce the discovery responsive to Plaintiffs' revised requests.

## ARGUMENT

### I.

### THE REVISED REQUESTS TO THE REPUBLIC ARE APPROPRIATELY TAILORED

In its March 7, 2013 Opinion, the Court suggested that Plaintiffs "tailor" their requests to the Republic – noting that the requests as written sought thirty (30) categories of documents and define "Argentina" as consisting of 461 entities, while the NML subpoenas the Court had previously approved sought twelve (12) categories of documents and defined "Argentina" as consisting of 225 entities. *Aurelius Capital Partners v. Republic of Argentina*, No. 07 Civ. 2715, 2013 WL 857730, at *3-4 (S.D.N.Y. Mar. 7, 2013). Plaintiffs have done exactly what the Court directed.

Plaintiffs reduced their requests to the Republic from thirty (30) to nine (9). These revised requests target: (i) the basic categories of assets that one would expect the Republic to have – such as accounts, investments, tangible property, and real estate, and (ii) transactions that could help Plaintiffs understand Argentina's circulatory system – such as contracts, loans and financings. *See* Pls. Repl. Br. at 15-17.

The Republic complains that the revised requests are still "excessively" broad because they seek information about many of the asset categories and types of

2

transactions that were included in the original requests as written.  *See* Def. Supp. Br. at 2-3.  In fact, Plaintiffs:  (i) eliminated several categories of assets and types of transactions – *e.g.*, imports and exports, intellectual property and royalty payments, court deposits, securitizations (*see* Finkelstein Decl. Ex. 1, Request Nos. 11-12, 24-26, 28); (ii) refined other categories – *e.g.*, replacing general requests for all property in favor of requests targeted to particular types of property and replacing general requests for all transfers with requests focused on transfers to and from Argentina's accounts (*compare id*. Ex. 1, Request Nos. 3-4, 9, 13, 19, 21, 27, 30, *with* Pls. Reply Br. at 15-17, Request Nos. 2-5); and (iii) included dollar limits and thresholds to emphasize property and transactions that are more likely to produce assets that would be worthwhile attaching (*compare* Finkelstein Decl. Ex. 1, Request Nos. 9, 15-16, *with* Pls. Reply Br. at 15-17, Request Nos. 4, 7).

What remains (unsurprisingly) are the core categories of assets and transactions that Plaintiffs believe are most likely to exist.  Pointedly, the Republic never disputes that it has assets and engages in the sorts of activities about which Plaintiffs seek discovery.  Nor does the Republic dispute that it is required by its own laws and regulations to gather and maintain information regarding the assets and transactions that are the subject of Plaintiffs' requests.  The Republic monitors all flows of governmental money, prepares an annual report on its investments, and maintains databases of bank accounts, real property, contracts and suppliers.  *See* Pls. Repl. Br. at 17-18; Rapport Decl. Ex. E at Art. 80, 91, Ex. F, Ex. G at Art 78 § 5.1, 7.2, Ex. H at § 75(8); Oficina Nacional de Contrataciones (National Contracting Office), http://www.argentinacompra.gov.ar (last visited May 25, 2013).  Argentina cannot

3

complain that Plaintiffs' revised requests are unduly burdensome when it is required to collect the information anyway.

As it has before, the Republic also takes issue with the list of entities that Plaintiffs include within the definition of "Argentina." Plaintiffs' revised list differs from the original in two material respects. First, the revised list added 75 sub-secretaries, which are undoubtedly part of the Republic, and Argentina does not contend otherwise. All the Republic can say on this point is that the sub-secretaries "presumptively do not operate outside of Argentina," Def. Supp. Br. at 5 – but the Republic does not provide one scintilla of support for this bald assertion.

Second, the revised list removed over 100 state-owned corporations. Despite this considerable concession, the Republic still complains that the list includes approximately 80 decentralized entities. *Id.* at 3. These entities are creations of the Republic, carry out government functions, and operate under government supervision. The Republic nevertheless contends that Plaintiffs should have to prove that these entities are liable for the Republic's obligations before the Court permits discovery. *Id.* at 3-5.

The Court has rejected this argument previously. When the Republic objected to subpoenas served by NML on the ground that the definition of "Argentina" impermissibly included separate entities, Stubbs Decl. Ex. A at 9-12, the Court rejected the objection and approved a list with decentralized entities, including some of the same entities that are on Plaintiffs' list. *NML Capital, Ltd. v. Republic of Argentina*, No. 03 Civ. 8845 (TPG) (S.D.N.Y. Sept. 2, 2011) (Finkelstein Decl. Ex. 77), *aff'd sub nom. EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012), *reh'g denied*, No. 11-4065 (2d Cir. Oct. 10, 2012).

The rationale for the Court's decision in the NML cases applies with equal force here. The list of entities reflects the reality that Argentina has many political subdivisions and other entities through which it conducts its affairs, and a history of trying to shield assets by holding them through ostensibly separate entities. *See NML Capital Ltd. v. Republic of Argentina*, 680 F.3d 254, 260 (2d Cir. 2012) (account held in the name of Agencia Nacional de Promoción Científica y Tecnológica ("ANPCT Account") was subject to attachment and execution); *EM Ltd. v. Republic of Argentina*, No. 03 Civ. 2507(TPG), 2009 WL 2568433, at *8 (S.D.N.Y. Aug. 18, 2009), *aff'd*, *EM Ltd. v. Republic of Argentina*, 389 Fed. App'x 38 (2d Cir. 2009) (beneficiary and residual beneficiary of Banco Hipoticario Trust Account were alter egos of Argentina); *see also EM Ltd. v. Republic of Argentina*, 720 F. Supp. 2d 273, 280 (S.D.N.Y. 2010) (Banco Central de la República Argentina ("BCRA") is alter ego of the Republic), *vacated on other grounds sub nom. NML Capital, Ltd. v. Banco Central de la República Argentina*, 652 F.3d 172 (2d Cir. 2011); *Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07 Civ. 2715(TPG), 2009 WL 755231, at *11 (S.D.N.Y. Mar. 12, 2009) (Administración Nacional de la Seguridad Social ("ANSES") is political subdivision of the Republic), *vacated on other grounds*, 584 F.3d 120, 131 (2d Cir. 2009); *cf. Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07 Civ. 2715(TPG), 2012 WL 983564, at *7 (S.D.N.Y. Mar. 22, 2012) ("there appears to be a probability that INTA should be held to be an agency or instrumentality of the Republic").

Plaintiffs, like other creditors of the Republic, have been put to the burden of seeking discovery of these other entities because of the Republic's own maneuvers to avoid its legal obligations. *See* Finkelstein Decl. Ex. 83 at 42 ("And I think that at least

5

what the Court realizes now is that the Republic, through various entities, can very well be engaged in commercial activities in various places or activity which might involve attachable assets on some other theory in a foreign country."). Whether or not Plaintiffs are ultimately able to attach or execute upon the assets of deconcentrated or decentralized entities is irrelevant to the question of whether they are properly within the scope of discovery. The Second Circuit has made clear that this Court is not required to determine in advance whether an asset can be used to satisfy the Republic's obligations before ordering discovery. The Court's "power to order discovery to enforce its judgment does not derive from its ultimate ability to attach the property in question but from its power to conduct supplementary proceedings, involving persons indisputably within its jurisdictions, to enforce valid judgments." *EM Ltd.*, 695 F.3d at 208. The Republic is indisputably within the jurisdiction of the Court and should be compelled to produce information that is indisputably within its possession, custody and control.[1]

## II.

### PROPERTY HELD BY DIPLOMATIC AND MILITARY MINISTRIES IS NOT CATEGORICALLY IMMUNE FROM ATTACHMENT

The Republic would have this Court believe that any assets held by a military or diplomatic ministry are categorically immune from discovery, and thus the Court should deny any discovery with respect to such ministries. *See* Def. Supp. Br. at 6-

---

[1] Argentina's current president Cristina Fernández de Kirchner and her late husband former president Néstor Carlos Kirchner are also appropriate subjects of discovery because it appears that they have been complicit in Argentina's efforts to hide assets from creditors and that they hold asserts in their own names that may equitably belong to Argentina. *See* Stubbs Decl. Ex. B. Accordingly, the Court has already directed Bank of America and Banco de la Nación Argentina to include the Kirchners in responding to asset discovery subpoenas. *See NML Capital Ltd. v. Republic of Argentina*, No. 03 Civ. 8845(TPG), 2013 WL 491522, at *2 (S.D.N.Y. Feb. 8, 2013); *EM Ltd*, 695 F.3d at 204.

10. Argentina is wrong on the law – military and diplomatic assets are not automatically immune, and there is no bar to discovery just because it might turn up information about assets that ultimately turn out to be immune.  Indeed, if the Court were to deny discovery of military and diplomatic ministries, the Republic would conduct its activities through those ministries knowing that by doing so it could shield its assets from scrutiny and potential attachment and execution.  The Court should not condone such a blatant attempt by Argentina to avoid its legal obligations.

Contrary to the Republic's assertion, Plaintiffs do not concede that "diplomatic and military property is immune from attachment." *Id.* at 6.  U.S. law only confers immunity on certain types of diplomatic and military property, and the burden is on the sovereign to show that immunity applies.  *See* 28 U.S.C. § 1611(b)(2); *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, No. 10 Civ. 5256(KMW), 2011 WL 4111504, at *4 (S.D.N.Y. Sept. 13, 2011); *Behring Int'l, Inc. v. Imperial Iranian Air Force,* 475 F. Supp. 396, 407-08 & 408 n.16 (D.N.J. 1973).

Courts have recognized that property alleged to be military or diplomatic may not in fact be immune.  *See Thai Lao*, 2011 WL 4111504, at *5-7 (allowing discovery of bank accounts held embassy and diplomatic mission); *Birch Shipping Corp. v. Embassy of United Republic of Tanzania*, 507 F. Supp. 311, 311-13 (D.D.C. 1980) (embassy checking account not immune from attachment under FSIA); *Behring*, 475 F. Supp. at 407-08 & 408 n.16 (military property not immune).  This Court in particular has acknowledged that purportedly military purchases may present opportunities for attachments and executions and thus are an appropriate subject of discovery.  *See* Finkelstein Decl. Ex. 84 at 44 ("[L]et's suppose there is a purchase, a large purchase of

equipment in Germany for something to be used by the Argentine army or Navy, it could very well be any assets connected with that contract could be attached under German law….").

Nor do the supposedly "recognized principles of international law" cited by the Republic provide blanket protection for military and diplomatic ministries. Def. Supp. Br. at 8. At most, these "principles" only protect property that is "military in character" or "being used for a military purpose." *Id.* at 8-9. And the Republic does not cite to any "international law" that categorically immunizes military or diplomatic ministries from discovery where, as here, a sovereign has waived immunity and consented to jurisdiction.

Argentina's reliance on the Vienna Convention is also misplaced. The Convention might restrict process directed to embassies and missions – *see, e.g., 767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to United Nations*, 988 F.2d 295 (2d Cir. 1993) (blocking eviction of mission); *Avelar v. J. Cotoia Const., Inc.*, No. 11 Civ. 2172 (RRM)(MDG), 2011 WL 5245206, at *4 (E.D.N.Y. Nov. 2, 2011) (vacating execution on mission assets) – but such restrictions are limited to discovery sought directly from an embassy's personnel or archives – *see, e.g., Liberian E. Timber Corp. v. Gov't of Republic of Liberia*, 659 F. Supp. 606, 610 n.5 (D.D.C. 1987) (mission's archives and personnel are not subject to discovery); *Vulcan Iron Works, Inc. v. Polish Am. Mach. Corp.*, 472 F. Supp. 77, 79-80 (S.D.N.Y. 1979) (same). Plaintiffs do not identify a single embassy or mission as an entity whose records should be searched, let alone seek discovery directly from an embassy or mission.

At bottom, Argentina is asking the Court to revisit arguments that have already been thoroughly rejected by this Court and the Second Circuit. Under Argentina's theory, Plaintiffs would have to present evidence that military or diplomatic property was subject to attachment in advance of any discovery. *See* Def. Supp. Br. at 7. This is simply another re-tread of the argument the Republic has made numerous times before – that Plaintiffs and other creditors must show a basis for attachment before there can be discovery. This Court and the Second Circuit have overruled those arguments before, *NML Capital, Ltd.*, No. 03 Civ. 8845 (TPG) (S.D.N.Y. Sept. 2, 2011) (Finkelstein Decl. Ex. 77), *aff'd sub nom. EM Ltd.*, 695 F.3d 201, *reh'g denied*, No. 11-4065 (2d Cir. Oct. 10, 2012), and this Court should do so once again.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Plaintiffs' prior submissions, the Court should compel the Republic and the Banks to produce documents responsive to Plaintiffs' revised requests.

Dated:   New York, New York
         July 17, 2013

>                               Respectfully submitted,
>
>                               FRIEDMAN KAPLAN SEILER &
>                               ADELMAN LLP
>
>                               _____
>                               Edward A. Friedman
>                               Daniel B. Rapport
>                               Emily A. Stubbs
>                               7 Times Square
>                               New York, NY 10036-6516
>                               (212) 833-1100
>
>                               *Attorneys for Plaintiffs*

9

2842311.1