# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
RICHARD M. HOFFMAN
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1122

WRITER'S DIRECT FAX
212-373-7922

E-MAIL
DRAPPORT@FKLAW.COM

NORMAN ALPERT
ASAF REINDEL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
L. REID SKIBELL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH S. LOSEY
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
TANVIR VAHORA
NORA BOJAR
ANDREW C. KOSTIC

September 24, 2013

BY ECF AND E-MAIL

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: *Aurelius Capital Partners, LP and Aurelius Capital Master, Ltd. v. The Republic of Argentina*, Nos. 07 Civ. 2715 & 11327; *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. The Republic of Argentina*, Nos. 09 Civ. 8757 & 10620; *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*, Nos. 10 Civ. 1602, 3507, 3970 & 8339; *Blue Angel Capital I LLC v. The Republic of Argentina*, Nos. 07 Civ. 2693, 10 Civ. 4101 & 4782; *NML Capital, Ltd. v. The Republic of Argentina*, Nos. 03 Civ. 8845, 05 Civ. 2434, 06 Civ. 6466, 07 Civ. 1910, 2690 & 6563, 08 Civ. 2541, 3302 & 6978, 09 Civ. 1707 & 1708; *Scheck v. The Republic of Argentina*, No. 10 Civ. 5167

Dear Judge Griesa:

      We represent plaintiffs Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, and Blue Angel Capital I LLC (collectively, the "Aurelius Plaintiffs"), and write on behalf of plaintiff NML Capital, Ltd. ("NML"), and plaintiffs Dieter Scheck and Lydia Scheck, (the "Scheck Plaintiffs," and together with the Aurelius Plaintiffs and NML, "Plaintiffs"). We are writing to submit a proposed form of Order (enclosed herewith as Exhibit A) addressing various discovery related motions that Your Honor resolved at a hearing in these matters on September 3. At that time, the Court: (i) granted motions by the Aurelius Plaintiffs and NML to compel the Republic of Argentina (the "Republic") to

2868813.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Thomas P. Griesa — - 2 - — September 24, 2013

respond to discovery requests, (ii) granted the Aurelius Plaintiffs' motion to compel Citibank, Bank of America, Barclays, Deutsche Bank and BNA and their affiliates (collectively, the "Banks") to respond to subpoenas served by the Aurelius Plaintiffs, and (iii) denied the Republic's motion to quash NML's subpoenas to certain non-party banks and its motion to quash the Scheck Plaintiffs' restraining notice and information subpoena.[1] Plaintiffs have conferred with the Republic and the Banks regarding the form of Order, but the parties have not able been to reach agreement.

Counsel for the Republic has represented that the Republic will not consent to Plaintiffs' form of order, but was not willing to engage in a discussion that would allow Plaintiffs to present the parties' points of disagreement to the Court. To the extent that the Republic, in the guise of opposing Plaintiffs' form of Order, attempts to re-argue any of the objections that the Court has already rejected – including objections based upon the scope of the discovery sought, the entities about whom information must be produced, or the Foreign Sovereign Immunities Act – those objections, rejected once before, should not be reconsidered.

With respect to the Banks, the primary point of disagreement concerns the nature of the post-hearing discussions between the Aurelius Plaintiffs and the Banks. As the Aurelius Plaintiffs explained at the September 3 hearing, they have always been willing to engage in discussions with the Banks regarding reasonable search methodologies that would reduce the burden on the Banks of locating information responsive to the subpoenas. (*See* September 3 Transcript at 43; a copy of the September 3 Transcript is enclosed herewith as Exhibit B.) The Aurelius Plaintiffs understood that the Court was directing the parties to engage in such discussions (*id.* at 43-44), and Plaintiffs' proposed form of Order reflects that understanding. Paragraph 5 provides: "The parties shall engage in discussions regarding a reasonable search methodology that BNA, Bank of America, Barclays, Citibank, and Deutsche Bank can use to reduce the burden of locating [responsive] information."

The Banks, by contrast, have taken the position that practically every aspect of the revised requests is still open for discussion. Their proposed form of Order (attached hereto as Exhibit C) provides that the subpoenas are still "subject to modification of details." What this means, as has become clear during meet and confer sessions with the Banks, is that the Banks continue to stand behind the objections asserted in the motions that were decided in favor of the Aurelius Plaintiffs on September 3: namely, that the document requests in the Aurelius Plaintiffs' subpoenas are overbroad, that the Banks should not be required to produce documents from their foreign branches and affiliates, and that too many entities are contained within the definition of Argentina. The Banks thus are asserting that the Aurelius Plaintiffs should be required to

---

[1] By Opinion dated March 7, 2013, the Court had already denied the Republic's motion to quash the discovery served by the Aurelius Plaintiffs.

2868813.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Thomas P. Griesa — - 3 - — September 24, 2013

further narrow the scope of their subpoenas – with the inescapable conclusion that these same issues will need to be briefed a second time if the Aurelius Plaintiffs do not acquiesce to the Banks' demands.

The Aurelius Plaintiffs have already "tailored" their subpoenas in response to the Court's directive. (*See* March 7 Opinion at 7 (a copy of which is enclosed herewith as Exhibit D).) They reduced their requests from 45 to 5, and targeted basic categories of documents about Argentina's financial circulatory system and assets – accounts, wire transfers, counterparty transactions between the Banks and Argentina, and prospective securities offerings by the Republic. And they reduced their list of entities, by among other things, removing approximately 100 state-owned corporations that had been contested by the Republic and the Banks. At the September 3 hearing, the Court recognized the concessions that the Aurelius Plaintiffs had made, specifically noting: "It seems to me that the plaintiffs are attempting to embark on discovery which has surely been refined in response to what has gone on with the Court, and with the parties, in the past. And it seems to me, speaking generally, that the plaintiffs' discovery requests reasonably reflect the facts of this case." (September 3 Transcript at 31.)

By "details" still to be discussed, the Banks also mean that they are still objecting on foreign law grounds to producing information from their overseas branches and affiliates. The foreign law objections, just like the objections that the subpoenas are overbroad, were exhaustively briefed and considered by the Court. Indeed, the Court acknowledged on September 3: "As to the banks and the entities involved in the foreign operations and so forth, it seems to me there is one basic proposition. And that is the head office of a bank with foreign operations can obtain information from its foreign operations and therefore, be subject to discovery. That is a simple and basic proposition. And that seems to me to settle the issue about the banks." (September 3 Transcript at 32-33.)

Having already rejected the Banks' objections, there is no reason for the Court to reconsider that decision. Indeed, to do so would invite further protracted debates over what is an appropriate subject of discovery. The Aurelius Plaintiffs will discuss in good faith with the Banks any burden issues they may have with respect to producing responsive information and documents, but those discussions should not be derailed by continued disputes about whether the information sought is relevant or exempt from production because it is located overseas.

The Aurelius Plaintiffs and the Banks also disagree about the deadline for completing production. The Aurelius Plaintiffs originally proposed 45 days from the date the Court entered the Order; the Banks countered with 180 days. The Aurelius Plaintiffs believe that 6 months is too long, especially given that the Aurelius Subpoenas that are the subject of the September 3 decision were served more than a year and a half ago and to date not one Bank has produced information in response to those subpoenas. Plaintiffs' form of Order strikes a compromise with 75 days, which takes into account

2868813.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Thomas P. Griesa          - 4 -          September 24, 2013

that three weeks have already passed since the Court ruled on the motions. Of course, the parties can always agree to an extension of the deadline if circumstances warrant it.

         Lastly, the Banks have suggested that the form of Order should include a mechanism for referring discovery disputes to a Magistrate Judge. Plaintiffs do not endorse such a proposal because they believe that it would only add unnecessary delay and costs to these proceedings.

         Accordingly, Plaintiffs respectfully submit that their proposed form of Order should be entered without further delay.

         Respectfully,

         Daniel B. Rapport.

Enclosures

cc: Robert A. Cohen, Esq.
     Martin F. Gusy, Esq.
     Carmine D. Boccuzzi, Jr., Esq.
     Barry Glickman, Esq.
     Kenneth Rudd, Esq.
     Lance Croffoot-Suede, Esq.
     Titia Holtz, Esq.
     Mark S. Sullivan, Esq.
     Karen E. Wagner, Esq.
     James L. Kerr, Esq.
     Philippe Zimmerman, Esq.
     (*all via email*)

2868813.1