USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

NML CAPITAL, LTD.,

      Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

      Defendant.

03 Civ. 8845 (TPG)
05 Civ. 2434 (TPG)
06 Civ. 6466 (TPG)
07 Civ. 1910 (TPG)
07 Civ. 2690 (TPG)
07 Civ. 6563 (TPG)
08 Civ. 2541 (TPG)
08 Civ. 3302 (TPG)
08 Civ. 6978 (TPG)
09 Civ. 1707 (TPG)
09 Civ. 1708 (TPG)

------------------------------------------------------------- x

AURELIUS CAPITAL PARTNERS, LP and
AURELIUS CAPITAL MASTER, LTD.,

      Plaintiffs,

v.

THE REPUBLIC OF ARGENTINA,

      Defendant.

07 Civ. 2715 (TPG)
07 Civ. 11327 (TPG)

------------------------------------------------------------- x

AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,

      Plaintiffs,

v.

THE REPUBLIC OF ARGENTINA,

      Defendant.

09 Civ. 8757 (TPG)
09 Civ. 10620 (TPG)

**(captions continued on next page)**

------------------------------------------------------------- x

# **ORDER**

-2-

```
------------------------------------------------------- x
AURELIUS OPPORTUNITIES FUND II, LLC     :
and AURELIUS CAPITAL MASTER, LTD.,      :   10 Civ. 1602 (TPG)
                                        :   10 Civ. 3507 (TPG)
                Plaintiffs,             :   10 Civ. 3970 (TPG)
                                        :   10 Civ. 8339 (TPG)
        v.                              :
                                        :
THE REPUBLIC OF ARGENTINA,              :
                                        :
                Defendant.              :
                                        :
------------------------------------------------------- x
                                        :
BLUE ANGEL CAPITAL I LLC,               :
                                        :   07 Civ. 2693 (TPG)
                Plaintiff,              :   10 Civ. 4101 (TPG)
                                        :   10 Civ. 4782 (TPG)
        v.                              :
                                        :
THE REPUBLIC OF ARGENTINA,              :
                                        :
                Defendant.              :
------------------------------------------------------- x
                                        :
DIETER SCHECK AND LYDIA SCHECK,         :
                                        :
                Plaintiffs,             :
                                        :   10 Civ. 5167 (TPG)
        v.                              :
                                        :
THE REPUBLIC OF ARGENTINA,              :
                                        :
                Defendant.              :
                                        :
------------------------------------------------------- x
```

## DISCOVERY PERTAINING TO THE NML ACTIONS

WHEREAS, on August 14, 2012, plaintiff NML Capital, Ltd. ("NML") served on defendant the Republic of Argentina (the "Republic") "Plaintiff's Discovery Requests To Defendant The Republic Of Argentina" (the "NML Requests") seeking information relating to assets and potential alter egos of the Republic;

WHEREAS, NML served a "Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action" on each of Citibank, N.A., Deutsche Bank AG, HSBC Holdings PLC, HSBC Bank USA, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Standard Chartered PLC, Standard Chartered Bank, UBS AG, Wells Fargo & Co. and Wells Fargo Bank, N.A. on April 15, 2013, and on BNP Paribas and BNP Paribas Fortis on May 1, 2013 seeking information relating to assets of the Republic (the "NML Subpoenas");

WHEREAS, on May 28, 2013, the Republic moved to quash the NML Subpoenas (the "Republic's NML Motion");

WHEREAS, on June 27, 2013, NML moved to compel compliance with the NML Requests (the "NML Motion to Compel");

## DISCOVERY PERTAINING TO THE AURELIUS ACTIONS

WHEREAS, on December 13, 2011, plaintiffs Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, and Blue Angel Capital I LLC (collectively, the "Aurelius Plaintiffs") served "Plaintiffs' Requests For Production To Defendant" on the Republic seeking information regarding the Republic's assets (the "Aurelius Requests");

WHEREAS, the Aurelius Plaintiffs served on each of Banco de la Nación Argentina ("BNA"), Barclays Bank PLC and Barclays Capital, Inc. (together, "Barclays"), Citibank, N.A.,

Citicorp North America Inc., Citicorp USA Inc., Citigroup Global Markets Inc., and Citigroup Inc. (collectively, "Citibank"), Deutsche Bank AG, Deutsche Bank Americas Holding Corp., Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas, and Taunus Corporation (collectively, "Deutsche Bank") a "Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action" dated December 13, 2011;

WHEREAS, the Aurelius Plaintiffs served on each of Banc of America Securities LLC, Bank of America Corporation, Bank of America, N.A., Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporate (collectively, "Bank of America") a "Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action" dated January 12, 2012;

WHEREAS, the aforementioned subpoenas served by the Aurelius Plaintiffs are referred to herein, collectively and individually, as the "Aurelius Subpoenas";

WHEREAS, on October 10, 2012, the Aurelius Plaintiffs filed a motion to compel compliance with the Aurelius Requests and the Aurelius Subpoenas (the "Aurelius Motion To Compel");

WHEREAS, on November 7, 2012, Barclays and Citibank each filed motions to quash the Aurelius Subpoenas served on them (respectively, the "Barclays Motion" and the "Citibank Motion");

WHEREAS, on November 8, 2012, Deutsche Bank filed a motion to quash the Aurelius Subpoenas served on it (the "Deutsche Bank Motion");

WHEREAS, on December 3, 2012, Bank of America filed a motion to quash the Aurelius Subpoenas served on it (the "Bank of America Motion");

## DISCOVERY PERTAINING TO THE SCHECK ACTION

WHEREAS, on November 30, 2012, plaintiffs Dieter and Lydia Scheck (the "Schecks") served on the Republic a Restraining Notice and Information Subpoena seeking information relating to assets and potential alter egos of the Republic (the "Schecks' Restraining Notice and Information Subpoena");

WHEREAS, on December 10, 2012, the Republic filed a motion for a protective order and to quash the Schecks' Restraining Notice and Information Subpoena (the "Republic's Scheck Motion");

AND WHEREAS, at the hearing held on September 3, 2013, the Schecks moved to withdraw their application to extend the restraining notice contained in the Schecks' Restraining Notice and Information Subpoena;

For the reasons stated on the record at the hearing held on September 3, 2013, and for the purpose of preventing the Republic from evading its discovery obligations,

**IT IS HEREBY ORDERED THAT**:

1. The NML Motion to Compel is granted, and the Republic's NML Motion is denied, except that the Republic need not provide information regarding BNA in response to the alter ego sections of the NML Requests (i.e., section B. of the Interrogatories and section B. of the Document Requests).

2. The Aurelius Motion to Compel is granted, and the Barclays Motion, the Citibank Motion, the Deutsche Bank Motion, and the Bank of America Motion are denied.

3. The Republic's Scheck Motion is denied, and the Scheck's application to withdraw their application to extend the restraining notice contained in the Schecks' Restraining Notice and Information Subpoena is granted.

4.  The Republic shall produce all information responsive to the NML Requests (as limited by Paragraph 1 of this Order), the Aurelius Requests, and the Schecks' Restraining Notice and Information Subpoena[1] within 30 days of the date of this Order.

5.  BNA, Bank of America, Barclays, Citibank, and Deutsche Bank (as defined in the Aurelius Subpoenas, including but not limited to each of their respective branches, affiliates and subsidiaries) shall produce all information responsive to the Aurelius Subpoenas wherever in the world it may be located within 75 days of the date of this Order. The parties shall engage in discussions regarding a reasonable search methodology that BNA, Bank of America, Barclays, Citibank, and Deutsche Bank can use to reduce the burden of locating such information.

SO ORDERED.

Dated: New York, New York
       September 25, 2013

_____
Thomas P. Griesa
United States District Judge

---

[1] In construing the term "Judgment Debtor" in the Schecks' Restraining Notice and Information Subpoena, the Republic shall respond with respect to the entities identified as being part of the Republic in the NML Requests and the Aurelius Requests.