UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x :

AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,

                                Plaintiffs,

                - against -

THE REPUBLIC OF ARGENTINA,

                                Defendant.

: No.  07 Civ. 2715 (TPG)

-------------------------------------------------------------------x :

AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,

                                Plaintiffs,

                - against -

THE REPUBLIC OF ARGENTINA,

                                Defendant.

: No.  07 Civ. 11327 (TPG)

-------------------------------------------------------------------x :

BLUE ANGEL CAPITAL I LLC,

                                Plaintiff,

                - against -

THE REPUBLIC OF ARGENTINA,

                                  Defendant.

: No.  07 Civ. 2693 (TPG)

-------------------------------------------------------------------x : (*Captions continue on following pages*)

**MEMORANDUM OF LAW IN SUPPORT OF THE AURELIUS PLAINTIFFS'
MOTION FOR DISCOVERY SANCTIONS**

3078944.1

```
-------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                                  :
ACP MASTER, LTD.,                                                  :
                                                                   :   No.  09 Civ. 8757 (TPG)
                              Plaintiffs,                          :
                                                                   :
         - against -                                               :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                                  :
ACP MASTER, LTD.,                                                  :
                                                                   :   No.  09 Civ. 10620 (TPG)
                              Plaintiffs,                          :
                                                                   :
         - against -                                               :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------x :
AURELIUS OPPORTUNITIES FUND II, LLC                                :
and AURELIUS CAPITAL MASTER, LTD.,                                 :
                                                                   :   No.  10 Civ. 1602 (TPG)
                              Plaintiffs,                          :
                                                                   :
         - against -                                               :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                              Defendant.                           :
-------------------------------------------------------------------x :
```

```
--------------------------------------------------------------------x :
AURELIUS OPPORTUNITIES FUND II, LLC                                  :
and AURELIUS CAPITAL MASTER, LTD.,                                   :
                                                                     :   No.  10 Civ. 3507 (TPG)
                                        Plaintiffs,                  :
                                                                     :
                   - against -                                       :
                                                                     :
THE REPUBLIC OF ARGENTINA,                                           :
                                                                     :
                                        Defendant.                   :
                                                                     :
--------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                                    :
AURELIUS OPPORTUNITIES FUND II, LLC,                                 :
                                                                     :   No.  10 Civ. 3970 (TPG)
                                        Plaintiffs,                  :
                                                                     :
                   - against -                                       :
                                                                     :
THE REPUBLIC OF ARGENTINA,                                           :
                                                                     :
                                        Defendant.                   :
                                                                     :
--------------------------------------------------------------------x :
BLUE ANGEL CAPITAL I LLC,                                            :
                                                                     :
                                        Plaintiff,                   :   No.  10 Civ. 4101 (TPG)
                                                                     :
                   - against -                                       :
                                                                     :
THE REPUBLIC OF ARGENTINA,                                           :
                                                                     :
                                        Defendant.                   :
--------------------------------------------------------------------x :
```

3078944.1

```
-------------------------------------------------------------------x :
BLUE ANGEL CAPITAL I LLC,                                          :
                                                                   :
                                        Plaintiff,                 :   No.  10 Civ. 4782 (TPG)
                                                                   :
                    - against -                                    :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                                        Defendant.                 :
                                                                   :
-------------------------------------------------------------------x :
AURELIUS CAPITAL MASTER, LTD. and                                  :
AURELIUS OPPORTUNITIES FUND II, LLC,                               :
                                                                   :   No.  10 Civ. 8339 (TPG)
                                        Plaintiffs,                :
                                                                   :
                    - against -                                    :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                                        Defendant.                 :
-------------------------------------------------------------------x :
```

3078944.1

## PRELIMINARY STATEMENT

The Republic of Argentina ("**Argentina**") should be sanctioned under Rule 37 of the Federal Rules of Civil Procedure for willfully disregarding this Court's September 25, 2013 order compelling it to produce discovery (the "**Discovery Order**").  The Discovery Order's terms were clear:  Argentina was obliged to produce documents pursuant to requests propounded by Plaintiffs Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC and Blue Angel Capital I LLC (collectively, the "**Aurelius Plaintiffs**").  The Second Circuit unambiguously affirmed that Discovery Order "in all respects." Argentina has nonetheless willfully and resolutely refused to comply.  Instead, it has stubbornly persisted in its refusal to produce *any* documents.

This Court has wide discretion to craft sanctions under Rule 37.  Under the circumstances here – where Argentina has deliberately obstructed the Aurelius Plaintiffs' efforts to learn information necessary to locate attachable assets and to demonstrate that certain instrumentalities of Argentina are its alter egos – this Court should prohibit Argentina from contesting the facts that the Aurelius Plaintiffs' sought to prove through this discovery and rule that the Aurelius Plaintiffs have established those facts.  Specifically, this Court should prohibit Argentina from contesting that its property is being used for a commercial activity in the United States whenever the Aurelius Plaintiffs rely on any of 28 U.S.C. § 1610(a)'s exceptions to immunity from attachment or execution, and from contesting that three purportedly separate entities are alter egos of Argentina; this Court further should find outright that Argentina's property in the United States is being used for a commercial activity in the United States and that those three entities are Argentina's alter egos.  Additionally, as a sanction for Argentina's abusive and unfounded assertions of privilege from discovery, this Court should enter an order

deeming Argentina to have waived any privilege that might otherwise excuse it from producing

documents responsive to the Aurelius Plaintiffs' discovery requests.  Finally, this Court should

order Argentina and its counsel to compensate the Aurelius Plaintiffs for the expense, including

attorneys' fees, of bringing Argentina into compliance with the Discovery Order.  These

sanctions are appropriate in the circumstances presented here, where Argentina persistently has

defied unambiguous binding discovery orders.

## BACKGROUND

**A.      The Aurelius Plaintiffs Serve Discovery Requests on Argentina.**

The Aurelius Plaintiffs hold claims and judgments against Argentina worth $1.5

billion in connection with Argentina's failure to pay principal and interest on bonds that it issued

prior to its 2001 default.  As this Court is aware, Argentina refuses to honor those claims and

judgments and the Aurelius Plaintiffs have spent almost a decade searching for assets to satisfy

them.  To locate such assets, the Aurelius Plaintiffs have sought discovery – discovery that

Argentina has ignored or resisted.[1]

This motion concerns document requests that the Aurelius Plaintiffs served on

December 13, 2011 seeking information concerning Argentina's assets (the "**Aurelius**

**Requests**").  Finkelstein Decl. Ex. A.[2]   Argentina served written Responses and Objections on

January 12, 2012, largely refusing to comply with the Aurelius Plaintiffs' requests.  Finkelstein

Decl. Ex. B.  Argentina insisted that it was not required to disclose information related to assets

it believes are immune from execution under the Foreign Sovereign Immunities Act, 28 U.S.C.

§§ 1602-1611 (the "**FSIA**"), despite a then-recent decision from the U.S. Court of Appeals for

---

[1]   Indeed, this Court has previously held Argentina in contempt for failing to obey discovery orders.  *See* Order *Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07-cv-2715(TPG) (S.D.N.Y. May 29, 2009).

[2]   Citations to "Finkelstein Decl." refer to the Declaration of Eric J. Finkelstein filed concurrently with this memorandum of law.

3078944.1

the Second Circuit holding that the FSIA did not immunize Argentina against post-judgment discovery, *see EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012).  Finkelstein Decl. Ex. B at 1-3.

This motion also concerns discovery requests seeking information about Argentina's relationships with certain entities that may be Argentina's alter egos, the assets of which may be available to satisfy the Aurelius Plaintiffs' claims and judgments.  On August 14, 2012, NML Capital, Ltd. ("**NML**") served requests concerning such issues (the "**NML Requests**"), and on June 13, 2013, the Aurelius Plaintiffs served document requests and interrogatories (the "**Second Aurelius Requests**") requesting that Argentina provide "[a]ll documents produced to NML or to any other party or person in response to [the NML Requests]," and "all interrogatory responses provided to NML or to any other party or person in response to [the NML Requests]."  Finkelstein Decl.  Ex. C.[3]

### B.    The District Court Issues The Discovery Order.

On May 22, 2012, the Republic filed a motion for a protective order with respect to the Aurelius Requests.  The Aurelius Plaintiffs moved to compel production with respect to the Aurelius Requests on October 10, 2012.  On March 7, 2013, Judge Griesa issued an order denying the Republic's motion for a protective order and motion to quash, but opined that the Aurelius Requests might not be appropriately tailored.  Finkelstein Decl. Ex. D at 7-8.  In May 2013, in an effort to comply with the Court's wishes and to facilitate compliance by Argentina, the Aurelius Plaintiffs streamlined and narrowed their document requests, setting forth nine refined requests, rather than the original thirty.  Finkelstein Decl.  Ex. E at 15-16.

---

[3]   The NML Requests also sought information concerning Argentina's assets, and the Second Aurelius Requests likewise sought any information produced about Argentina's assets in response to the NML Requests.

3078944.1

On September 3, 2013, following full briefing on the motions to compel brought in connection with both the Aurelius Requests and the NML Requests, this Court held a hearing and stated that the discovery propounded by the Aurelius Plaintiffs and NML "has surely been refined in response to what has gone on with the Court" and "reasonably reflect[s] the facts of this case." Finkelstein Decl. Ex. F at 31:16-21. On September 25, 2013, this Court issued the Discovery Order, providing, in relevant part:

> The NML Motion to Compel is granted . . . except that the Republic need not provide information regarding BNA in response to the alter ego sections of the NML Requests. . . .
>
> The Aurelius [Plaintiffs'] Motion to Compel is granted . . . .
>
> The Republic shall produce all information responsive to . . . the NML Requests [and the] Aurelius [Plaintiffs'] Requests . . . within 30 days of the date of this Order.

Finkelstein Decl. Ex. G at 5-6.

Rather than comply with the Discovery Order – and without seeking a stay of discovery – Argentina appealed from the Discovery Order.

**C.      The Supreme Court Rejects Argentina's Claim Of Immunity From Discovery.**

The Second Circuit delayed oral argument while the U.S. Supreme Court considered a different case in which Argentina has asserted that the FSIA prohibited certain post-judgment discovery. In June 2014, the Court issued its decision in *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014) ("*NML*"), rejecting Argentina's claim to immunity from post-judgment discovery. In that case, NML and other creditors had issued subpoenas to third-party banks seeking information regarding Argentina's financial assets; Argentina moved to quash the subpoenas (and opposed NML's motion to compel) on the ground that the FSIA rendered a foreign sovereign immune from discovery about all assets except those established to

3078944.1

be attachable by a U.S. court. *Id.* at 2254.  Argentina appealed from this Court's order

compelling the discovery, lost before the Second Circuit, and sought review by the Supreme

Court, which affirmed the Second Circuit's decision. *Id.*  The Supreme Court explained that,

because the FSIA is silent as to a foreign sovereign's immunity from discovery, a foreign

sovereign that consents to the jurisdiction of U.S. courts is not immune from post-judgment

discovery. *Id.* at 2257.

**D.      The Second Circuit Affirms The Discovery Order.**

After the Supreme Court issued *NML*, the Court of Appeals calendared

Argentina's appeal from the Discovery Order for oral argument.  At the outset of oral argument –

recalling Argentina's counsel's promise that Argentina would not "voluntarily obey" the *pari*

*passu* injunction this Court has issued, *see NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d

230, 238 (2d Cir. 2013), *cert denied*, 134 S. Ct. 2819 (2014) – a member of the panel asked

Argentina's counsel that, if the Court "affirm[s] Judge Griesa's rulings, are you and your clients

going to obey the order?"  Finkelstein Decl. Ex. H  at 3.  Counsel responded:  "I can't answer

that standing here today.  I don't have instructions on that." *Id.* at 3-4.

On December 23, 2014, the Second Circuit issued a summary order affirming the

Discovery Order.  *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16 (2d

Cir. 2014).  After noting that the Federal Rules of Civil Procedure permit "broad post-judgment

discovery in aid of execution," the Second Circuit rejected each of Argentina's specific

objections to the Discovery Order:  First, the FSIA does not "prohibit[] discovery of sovereign

property that is potentially immune from attachment." *Id.* at 17 (citing *NML*, 134 S. Ct. at 2250).

Second, two international treaties that protect attachment of diplomatic property and discovery of

diplomatic documents did not provide blanket immunity from discovery based solely on

Argentina's "self-serving legal assertion" of immunity. *Id.* (internal quotation marks omitted).

If Argentina wishes to withhold particular documents, the Second Circuit explained, "Argentina

should present its objections to the district court in the form of assertions of privilege or

inviolability" through "particularized claims" of privilege. *Id*. at 17-18.  Third, the court rejected

similar arguments that Aurelius Plaintiffs could not seek discovery about assets held in the name

of military agencies or instrumentalities. *Id.* at 18.  The court suggested that "modify[ing] usual

[in camera] procedures to accommodate" future privilege claims regarding specific documents

would alleviate such concerns. *Id.*  Finally, the Court of Appeals concluded that this Court did

not abuse its discretion in ordering discovery with respect to potential alter egos. *Id.*

After explaining the grounds for affirming the Discovery Order "in all respects,"

the Second Circuit noted that "Argentina – like all foreign sovereigns – is entitled to a degree of

grace and comity.  These considerations are of particular weight when it comes to a foreign

sovereign's diplomatic and military affairs." *Id.* (citation omitted).  Accordingly, the Court of

Appeals instructed this Court to "closely consider Argentina's sovereign interests in managing

discovery and to prioritize discovery of those documents that are unlikely to prove invasive of

sovereign dignity." *Id.*

**E.     Argentina Refuses To Comply With The Affirmed Discovery Order.**

After the mandate returned to this Court, on January 23, 2015, counsel for NML,

on behalf of both NML and the Aurelius Plaintiffs, sent Argentina a letter demanding the

discovery that the Discovery Order obliged Argentina to produce.  Finkelstein Decl. Ex. I.  The

letter "ask[ed] that Argentina prioritize its production to first provide information that is readily

available to it and not subject to any legitimate claim of privilege." *Id.* at 3.  The letter noted,

however, that NML and the Aurelius Plaintiffs would "seek an order holding Argentina in

3078944.1

contempt and for sanctions in the event that Argentina does not commence its document production within ten days of [the] letter and complete the production (including the provision of a log to the extent documents are withheld on a claim of privilege) expeditiously." *Id.* at 4.

In response, Argentina again refused to produce any responsive documents based on vague assertions of privilege.  In a letter dated January 30, 2015, Argentina cited the Second Circuit's instruction that "the district court . . . closely consider Argentina's sovereign interests in managing discovery, and to prioritize discovery of those documents that are unlikely to prove invasive of sovereign dignity," and accused NML and the Aurelius Plaintiffs of "hav[ing] made no attempt to tailor [its] discovery requests in light of the Second Circuit's admonishment." Finkelstein Decl. Ex. J at 1.  Argentina thus made clear that it was withholding documents in reliance not only on privilege, *id.* at 2 ("the Republic's privileged documents, which of course are exempt from discovery"), but also on its belief that "[g]race and comity require actual revision to plaintiffs' discovery requests," *id.* (internal quotation marks omitted).

The parties met and conferred regarding this issue on February 6, 2015, and Argentina again signaled that it would refuse to produce any documents.  On February 17, 2015, after receiving no further response, NML and the Aurelius Plaintiffs again queried Argentina's counsel regarding "its intention to produce any additional documents or information in response to the discovery served by NML and by Aurelius/Blue Angel and, if so, what and when it intends to make the production."  Finkelstein Decl. Ex. K.  Argentina responded to this email with a promise to "aim to have a response to you by later this week or early next week."  Finkelstein Decl. Ex. L.  There has been no further response from Argentina, and Argentina still refuses to produce discovery as required by the Discovery Order.

3078944.1

## ARGUMENT

In light of the foregoing facts, the Aurelius Plaintiffs hereby incorporate by reference and adopt the arguments set forth in the memorandum of law submitted by NML in support of its motion for discovery sanctions in *NML Capital, Ltd. v. Republic of Argentina*, 03 Civ. 8845 (TPG), among other cases, dated June 17, 2015 (the "**NML Memorandum**").

## CONCLUSION

Accordingly, the Aurelius Plaintiffs request that this Court enter an order (1) precluding Argentina from raising the arguments set forth in Argument Section B.1.a of the NML Memorandum, and establishing facts as true as set forth in Argument Section B.1.b, of the NML Memorandum; (2) deeming all of Argentina's privileges against discovery with respect to documents responsive to the discovery requests discussed herein waived; (3) ordering Argentina and its counsel to compensate the Aurelius Plaintiffs for the expense incurred in forcing Argentina to comply with the Discovery Order, in an amount to be determined by the Court; and (4) for such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 17, 2015

Respectfully submitted,

FRIEDMAN KAPLAN SEILER &
    ADELMAN LLP

/s/ Daniel B. Rapport
_____
Edward A. Friedman (efriedman@fklaw.com)
Daniel B. Rapport (drapport@fklaw.com)
Eric J. Finkelstein (efinkelstein@fklaw.com)
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for the Aurelius Plaintiffs*

8